■ IMPULSE ENTERPRISES/F & V MECHANICAL PLUMBING & HEATING, a Joint Venture, et al., Respondents, v ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellant, et al., Defendants. [723 NYS2d 177] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered February 23, 2000, which, *inter alia*, granted plaintiffs' cross motion for partial summary judgment to the extent of declaring that defendant St. Paul Fire & Marine Insurance Company has the duty to defend plaintiff Impulse Enterprises and defendants New York City Transit Authority and Metropolitan Transportation Authority (MTA) in an underlying personal injury action, that St. Paul has the primary duty to indemnify Impulse and MTA in the underlying personal injury action until the exhaustion of its policy limits and that St. Paul has the duty to reimburse Impulse and plaintiff Reliance Insurance Company for the legal fees and expenses they have already incurred in defending the underlying personal injury action, unanimously modified, on

the law, to the extent of declaring that St. Paul and Reliance share equally in the obligation to defend and indemnify, vacating that part of the order directing St. Paul to reimburse Impulse and Reliance the legal fees and expenses already incurred in defending the underlying action, and directing St. Paul instead to reimburse Impulse and Reliance 50% of the legal fees already incurred in defending the underlying action, and otherwise affirmed, without costs.

Impulse, a general contractor, and MTA, which contracted with Impulse to perform renovations at a subway station, were correctly held entitled to primary coverage under St. Paul's insurance policy with Impulse's subcontractor, defendant Nicholson Construction Co. MTA's contract with Impulse and Impulse's contract with Nicholson required Nicholson to obtain insurance for MTA and Impulse that was primary, as opposed to excess or contributing; St. Paul's certificate of insurance listed Impulse and MTA as "Additional Insureds"; and St. Paul's policy with Nicholson provided coverage for additional insureds for injuries resulting from Nicholson's "work for them," "work" being defined as including "all equipment, materials or parts provided with or for [Nicholson's] work." In the underlying action, the plaintiff alleges that he was injured when he tripped over equipment belonging to Nicholson and located in the staging area of the construction site that was reserved for Nicholson. Given these allegations, it does not avail St. Paul to argue that the injury alleged in the underlying action resulted not from any work that Nicholson was doing for Impulse, but from Impulse's failure to maintain and protect pedestrian traffic as it was required to do in the Impulse/Nicholson contract. The focus of a policy clause such as St. Paul invokes is not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained. Thus, "we have consistently held that any negligence by the additional insured in causing the accident underlying the claim is not material to the application of the additional insured endorsement" (*Consolidated Edison Co. v United States Fid. & Guar. Co.*, 263 AD2d 380, 382). Moreover, as the IAS court also held, St. Paul's 17-month delay in disclaiming coverage was unreasonable, and bars it from denying liability (*see, Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028).

Although the IAS court correctly determined that St. Paul provided primary coverage to MTA and Impulse, the relevant provisions of Impulse's contract with MTA and its insurance policy with Reliance demonstrate that Reliance also afforded

primary coverage. As St. Paul's and Reliance's policies both require contribution by equal shares, they must share equally in the obligation to defend.

Consistent with this finding, we vacate that part of the IAS court's order as declared that St. Paul has a duty to reimburse Impulse and Reliance the legal fees and expenses already incurred in defending the underlying action, and St. Paul is, instead, directed to reimburse Impulse and Reliance 50% of the legal fees and expenses already incurred. We have considered St. Paul's other contentions and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Nardelli, Tom and Mazzarelli, JJ.