10 N.Y.3d 411 (2008)
888 N.E.2d 1043
859 N.Y.S.2d 101
WORTH CONSTRUCTION CO., INC., Respondent,
v.
ADMIRAL INSURANCE COMPANY, Defendant, and FARM FAMILY CASUALTY INSURANCE COMPANY, Appellant.
Court of Appeals of the State of New York.
Argued March 11, 2008.
Decided May 1, 2008.
*412 Lubinsky & Kessler, New Hampton (Leonard Kessler of counsel), for appellant.
Jones Hirsch Connors & Bull P.C., New York City (Richard Imbrogno of counsel), for respondent.
Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

*413 OPINION OF THE COURT
PIGOTT, J.
Clayton Park Development, LLC, owner of real property situated in White Plains, New York, retained plaintiff Worth Construction Co., Inc. as general contractor for the construction of an apartment complex. Worth subcontracted with Pacific Steel, Inc. for construction of a staircase and handrailings. As part of the subcontract, Pacific provided commercial general liability insurance through defendant Farm Family Casualty Insurance Company naming Worth and Clayton Park Development as additional insureds.
Pacific's work at the site involved the fabrication and installation of a staircase, which consisted of steel pan stairs and handrailings. Each individual stair was comprised of two "stringers" (or sides) welded to a steel pan. After Pacific installed the stairs, the project was turned over to Worth, who hired a concrete subcontractor to fill the pans. Once the concrete had been poured and walls were erected around the stairs, Pacific was to *414 return to the site to complete its portion of the project by affixing the handrailings to the walls.
In November 2001, after the stairs had been installed but before the walls had been raised, Michael Murphy, a journeyman ironworker employed by Fasciano Iron Works Inc., sustained injuries when he slipped on fireproofing that had been applied to the stairs by subcontractor Central Enterprises. Pacific played no role in either contracting for or applying the fireproofing, nor did it subcontract with Fasciano for the performance of any work at the site.
Murphy commenced a personal injury action against Clayton Park Development as owner of the premises and Worth as the general contractor. Because the complaint alleged that Murphy was injured on the staircase installed by Pacific, Worth forwarded a copy of the complaint to Farm Family demanding defense and indemnification under the terms of the policy. When Farm Family did not respond to Worth's demand, Worth commenced a third-party action against Pacific seeking contribution and indemnification.
Worth also commenced a declaratory judgment action against Farm Family, seeking defense and indemnification in the underlying action and reimbursement of attorneys' fees it had expended to date in defense of the action.
The additional insured endorsement states in pertinent part: "WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured [Worth] but only with respect to liability arising out of your [Pacific's] operations or premises owned by or rented to you" (emphasis supplied). The policy also defines "Your work" as "(a) Work or operations performed by you or on your behalf; and (b) Materials, parts or equipment furnished in connection with such work or operations."
Both parties moved for summary judgment in the declaratory judgment action. Supreme Court initially declared that Farm Family was obligated to defend and indemnify Worth under the terms of the policy and ordered it to reimburse Worth for the attorneys' fees it incurred in defending the underlying action.
However, while the parties to the declaratory judgment action were awaiting the court's decision in that action, Pacific moved for summary judgment dismissing Worth's third-party complaint in the underlying action. In its response to that motion, Worth conceded that any negligence claim it asserted against Pacific in *415 the third-party action lacked factual merit and should be dismissed.
Once Supreme Court dismissed Worth's third-party action against Pacific, Farm Family moved to renew its motion in the declaratory judgment action, asserting that, by its admissions, Worth had conceded that Murphy's accident did not arise out of Pacific's work or operations. Supreme Court granted Farm Family's motion, modified its previous decision and held that Worth's concession that Pacific was not negligent established as a matter of law that Murphy's accident did not arise out of Pacific's operations and therefore Farm Family was not required to defend or indemnify Worth under the terms of the policy.
In a 3-2 decision, the Appellate Division modified the order of Supreme Court, holding that, based on the definition of "Your work" in the policy, it was immaterial, for purposes of deciding additional insured coverage, whether Pacific had completed the installation of the stairs, whether its installation was negligent or whether Pacific or a contractor in privity with it was Murphy's employer (40 AD3d 423, 425 [1st Dept 2007]). Rather, for coverage purposes, it was "sufficient that [Murphy's] injury was sustained on the stairs" (id., citing Impulse Enters./F & V Mech. Plumbing & Heating v St. Paul Fire & Mar. Ins. Co., 282 AD2d 266, 267 [1st Dept 2001]). We now reverse and reinstate the order of Supreme Court awarding Farm Family summary judgment.
An insurer's duty to defend "arises whenever the allegations within the four corners of the underlying complaint potentially give rise to a covered claim" (Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175 [1997]). This standard applies equally to additional insureds and named insureds (see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 715 [2007]).
Here, the additional insured endorsement states that Worth is an additional insured "only with respect to liability arising out of [Pacific's] operations." The phrase "arising out of" has been interpreted by this Court to "`mean originating from, incident to, or having connection with'" (Maroney v New York Cent. Mut. Fire Ins. Co., 5 NY3d 467, 472 [2005], quoting Aetna Cas. & Sur. Co. v Liberty Mut. Ins. Co., 91 AD2d 317, 321 [4th Dept 1983]), and requires "only that there be some causal relationship between the injury and the risk for which coverage is provided" (Maroney, 5 NY3d at 472).
*416 Worth contends that the simple fact that Murphy slipped on the staircase establishes as a matter of law that his accident arose out of Pacific's work because the staircase was part of the "materials" that Pacific was utilizing to fulfill its subcontract. Generally, the absence of negligence, by itself, is insufficient to establish that an accident did not "arise out of" an insured's operations (see Aetna Cas. & Sur. Co. v National Union Fire Ins. Co. of Pittsburgh, Pa., 228 AD2d 385, 386 [1st Dept 1996]; Lim v Atlas-Gem Erectors Co., 225 AD2d 304, 305 [1st Dept 1996]). The focus of a clause such as the additional insured clause here "is not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained" (Impulse Enters., 282 AD2d at 267).
Here, it is evident that the general nature of Pacific's operations involved the installation of a staircase and handrails. An entirely separate company was responsible for applying the fireproofing material. At the time of the accident, Pacific was not on the job site, having completed construction of the stairs, and was awaiting word from Worth before returning to affix the handrails. The allegation in the complaint that the stairway was negligently constructed was the only basis for asserting any significant connection between Pacific's work and the accident. Once Worth admitted that its claims of negligence against Pacific were without factual merit, it conceded that the staircase was merely the situs of the accident. Therefore, it could no longer be argued that there was any connection between Murphy's accident and the risk for which coverage was intended.
Nor does the fact that the stairs constituted "[m]aterials, parts or equipment furnished in connection with [Pacific's] work or operations" under the "Your work" provision, entitle Worth to defense and indemnification where, as here, Worth conceded that the stairs themselves were not a proximate cause of Murphy's injury.
Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the order and judgment of Supreme Court should be reinstated.
Order, insofar as appealed from, reversed, etc.