■ REGAL CONSTRUCTION CORPORATION et al., Appellants, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent, et al., Defendant. [883 NYS2d 207]—

Order, Supreme Court, New York County (Debra A. James, J.), entered April 4, 2008, which, inter alia, denied plaintiffs' motion for summary judgment, granted defendant National Union Fire Insurance Co.'s cross motion for summary judgment, and declared that plaintiff the Insurance Corporation of New York (INSCORP) is obligated to defend and indemnify defendant URS Corporation (URS) in the underlying personal injury action, affirmed, with costs.

The City of New York engaged URS as the construction manager for the Rikers Island renovation project. By written agreement dated March 22, 1999, URS hired plaintiff Regal Construction Corporation (Regal) to serve as the prime contractor for general construction and to perform construction services, including demolition and renovation, at the project. INSCORP issued to Regal a commercial general liability policy that provided additional insured coverage. This appeal involves the interpretation of the additional insured clause.

Regal's duties as prime contractor included the demolition

and rebuilding of a modular building at Rikers Island. The task required Regal to engage subcontractors and oversee their work. Ronald LeClair was Regal's project manager for the Rikers Island renovation project. His duties included the coordination of the subcontractors' work.

In March 2001, Regal was supervising the demolition of the building's bath and shower area as well as the replacement of flooring in the main area. On March 6, 2001, LeClair was walking through the facility with his superintendent and an employee of Regal's demolition subcontractor. As the area was under demolition, the flooring consisted of temporary sheets of plywood spread over steel floor joists. LeClair stepped from the plywood onto a joist in order to point to a wall that was to be demolished. Unbeknownst to LeClair, the joist had been freshly painted and its slipperiness caused him to fall and sustain injury. At a deposition, LeClair testified that he had heard that a URS employee painted the joist.

In January 2003, LeClair brought the underlying action against the City and URS in the Supreme Court, Bronx County. By letter dated February 19, 2003, URS demanded a defense and indemnification by Regal and/or INSCORP and enclosed a copy of LeClair's verified complaint. URS based the demand on its claimed status as an additional insured under the policy issued by INSCORP to Regal. In April 2003, INSCORP responded to URS by letter indicating that the matter was being reviewed. By the same letter, INSCORP also reserved its right to disclaim coverage at a later date should it be determined that URS was not entitled to the benefits of the policy. Because its tender had not been accepted, URS brought a third-party action against Regal in February 2004. By another letter dated March 11, 2004, INSCORP did accept URS's tender, and URS's third-party action against Regal was discontinued.

Nevertheless, on April 9, 2007, Regal and INSCORP commenced this action against URS and its insurer, National Union, for a declaratory judgment. In denying plaintiffs' motion for summary judgment and granting defendants' cross motion for the same relief, Supreme Court declared that INSCORP is obligated to defend and indemnify URS in the *LeClair* action. As this appeal has been withdrawn with respect to plaintiffs' claims against URS, the pivotal issue, as framed by the complaint, is whether URS is an additional insured under Regal's policy with INSCORP.

INSCORP's policy provided for additional insured coverage "only with respect to liability arising out of [Regal's] ongoing operations performed for that [additional] insured." As

explained by the Court of Appeals in *Worth Constr. Co., Inc. v Admiral Ins. Co.* (10 NY3d 411 [2008]), which involved a similarly worded additional insured provision, the phrase "arising out of" means "originating from, incident to, or having connection with" (*id.* at 415 [internal quotation marks omitted]). The policy in *Worth* was issued to Pacific Steel, Inc., a subcontractor that had been engaged for the fabrication and installation of a staircase consisting of steel pan stairs and hand railings. After Pacific installed the stairs but before it installed the hand railings, the job was temporarily turned over to a concrete subcontractor for the purpose of filling the pans. The plaintiff was injured when he slipped on fireproofing that had been applied to the stairs by a subcontractor other than Pacific. After noting that the focus of the clause "is not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained" (*id.* at 416 [internal quotations marks omitted]), and that Pacific was not on the job site at the time of the accident and had nothing to do with the application of the fireproofing, the Court characterized the staircase installed by Pacific as "merely the situs of the accident," and ruled that there was no connection between the accident itself and Pacific's work, the risk for which coverage was intended (*id.*).

The facts of the instant case are not analogous because Regal, the prime contractor at the Rikers Island project, had responsibilities that encompassed all of the demolition and construction work to be done. As such, Regal's tasks cannot be viewed in isolation as were those of Pacific, the staircase subcontractor in *Worth*. LeClair even testified that it would have been Regal's responsibility to paint the floor joists if instructed to do so by URS. Hence, there was a causal connection between LeClair's injury and Regal's work as a prime contractor, the risk for which coverage was provided. The dissent places unwarranted emphasis on the fact that the *LeClair* complaint does not set forth allegations of negligence on the part of Regal. "Generally, the absence of negligence, by itself, is insufficient to establish that an accident did not 'arise out of' an insured's operations" (*id.*). "The focus of a clause such as the additional insured clause here is not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained" (*id.* [internal quotation marks omitted]).

Accordingly, Supreme Court correctly found that INSCORP is obligated to defend and indemnify URS in the *LeClair* action. We reject, however, National Union's argument that INSCORP should be estopped from denying coverage because it accepted

URS's defense without a reservation of rights and controlled that defense until its denial of coverage in 2007. On the contrary, as noted above, 11 months before accepting URS's defense INSCORP reserved its right to disclaim coverage at a later date. Concur—Tom, J.P., Acosta and DeGrasse, JJ.

Nardelli and McGuire, JJ., dissent in a memorandum by McGuire, J., as follows: Ronald LeClair, the plaintiff in the underlying action, was injured during the course of his employment with plaintiff-appellant Regal Construction Corp., the primary general contractor for a construction project at Rikers Island. Specifically, he was injured when he slipped and fell on a steel floor joist during a "walk-through" of the job site during which he was pointing out required demolition work to Regal's demolition subcontractor. The joist had just been painted by defendant URS Corp., the construction manager, after it removed plywood covering. URS is an additional insured under the policy Regal obtained from plaintiff-appellant the Insurance Corporation of New York (INSCORP) "only with respect to liability arising out of [Regal's] ongoing operations performed for [URS]." LeClair's complaint in the underlying action alleges only that he was injured as a result of the negligence of URS and its codefendant, the City of New York, which engaged URS as the construction manager. The complaint is bereft of allegations that Regal was liable in any way for LeClair's fall or injuries. Of course, however, any such allegations would be pointless as LeClair did not and could not sue his employer to recover for the injuries he sustained as a result of the accident (*see* Workers' Compensation Law § 11).

URS tendered the defense and indemnification of the underlying action to INSCORP shortly after LeClair commenced the action. INSCORP, through its claims representative, responded that it was investigating URS' coverage request and stated that it "reserves its rights to disclaim coverage at a later date" if it determined that URS was not entitled as an additional insured to the benefits of the policy it had issued to Regal. Just over a year after the underlying action was commenced, counsel for URS advised INSCORP's claims representative that it had served Regal and INSCORP with a third-party complaint. One month later, by a letter dated March 11, 2004, INSCORP "agreed to accept [URS'] tender demand . . . for coverage as an additional insured" under the Regal policy.[1] URS thereafter was represented in the underlying action by counsel selected by INSCORP.

---

1. The letter, sent by INSCORP's claims administrator, went on to state that "the Third Party Action against Regal . . . will be discontinued."

In April 2007, however, Regal and INSCORP commenced this action against National Union and URS seeking, among other things, both a declaration that URS is not entitled to coverage under the Regal policy as an additional insured and to recover the defense costs INSCORP incurred in defending URS. In relevant part, Regal and INSCORP allege that discovery in the underlying action "has shown that the liabilities alleged therein do not arise out of Regal's operations performed for URS at the jobsite." Later that month, INSCORP's claim handler notified URS and its claim handler that it was withdrawing from the defense of the underlying action. After URS moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), Regal and INSCORP cross-moved for summary judgment seeking a declaration that (1) URS was not an additional insured and thus was not entitled to a defense or indemnity in the underlying action, (2) National Union afforded primary liability insurance coverage to URS, and (3) INSCORP was entitled to reimbursement of defense costs from National Union and URS or, alternatively, National Union was a coinsurer with INSCORP of URS for the claims against URS in the underlying action. National Union also cross-moved for summary judgment seeking, among other things, a declaration that INSCORP was obligated to defend and indemnify URS in the underlying action on a primary basis, and a declaration that INSCORP was estopped from disclaiming coverage on the eve of trial of the underlying action.

Supreme Court denied Regal and INSCORP's cross motion for summary judgment and, in relevant part, granted National Union's cross motion for summary judgment and directed the entry of a judgment declaring that INSCORP is obligated to defend and indemnify URS in the underlying action.[2] Regal and INSCORP now appeal; pursuant to a stipulation, the appeal is taken against National Union only.

In *BP A.C. Corp. v One Beacon Ins. Group* (8 NY3d 708 [2007]), the Court of Appeals construed an additional insured endorsement identical to the one at issue in this appeal and rejected the contention that the liability of the named insured had to be determined before the additional insured was entitled to a defense. But it does not follow that the potential liability of the named insured is irrelevant. The complaint in BP's underlying action alleged that the named insured had breached its duty to keep the work site safe and that this breach caused the plaintiff's injuries. As the Court of Appeals stated, "[t]hese allegations form a factual [and] legal basis on which [the insurer]

---

**2.** After oral argument, counsel for the parties advised the court that the underlying action had settled.

might eventually be held to be obligated to indemnify [the additional insured]" (8 NY3d at 715 [internal quotation marks omitted]). Here, by contrast, there are no remotely comparable allegations against Regal in the underlying action. If LeClair's complaint alleged only that he tripped and fell as a result of banana peels carelessly left on the joist by an employee of URS, it is hard to see how INSCORP could be required to provide URS with a defense and thereby confer a windfall on URS' own insurance carrier, defendant-respondent National Union Fire Insurance Co. LeClair's actual complaint, however, cannot be distinguished from that hypothetical complaint because it alleges only the negligence of URS and the City and does not allege any conduct by Regal on the basis of which Regal's liability to LeClair might be found.

In *Worth Constr. Co., Inc. v Admiral Ins. Co.* (10 NY3d 411 [2008]), the plaintiff in the underlying action slipped and fell on a staircase installed by Pacific Steel, Inc., a subcontractor and the named insured. The fall occurred, however, when the plaintiff, who was employed by another subcontractor, slipped and fell on fireproofing applied to the stairs by yet another subcontractor; Pacific played no role in contracting for or applying the fireproofing (10 NY3d at 414). When Worth, the general contractor and the putative additional insured, was sued by the plaintiff, it brought both a third-party action against Pacific seeking contribution and indemnification, and a declaratory judgment action against Pacific's insurer seeking defense and indemnification in the underlying action. Thereafter, however, Worth admitted that its claims of negligence against Pacific were without merit, thus negating "any significant connection between Pacific's work and the accident" (10 NY3d at 416). As the Court of Appeals stated, "[by] admitt[ing] that its claims of negligence against Pacific were without factual merit, [Worth] conceded that the staircase was merely the situs of the accident" (*id.*).

In this case, the complaint in the underlying action makes no claim of negligence against Regal,[3] or any other theory of its liability, that could be negated. INSCORP does not contend, however, that URS is not entitled to coverage as an additional insured because of the absence of any allegations of negligence

**3.** The record does not include the third-party complaint brought against Regal by URS, but it appears that INSCORP agreed to provide a defense because of the allegations in that complaint. As Justice Sullivan has stated, "[t]he undocumented assertions contained in correspondence from a purported insured are sufficient to trigger the duty to defend" (*Federated Dept. Stores, Inc. v Twin City Fire Ins. Co.*, 28 AD3d 32, 37 [2006]).

or other liability on the part of Regal. In my view, the distinct ground upon which it relies—that LeClair's injuries, and any resulting liability, arose out of URS' operations, not Regal's operations—requires the conclusion that URS is not entitled to coverage in the underlying action as an additional insured. As INSCORP argues, the Court of Appeals made clear in *Worth* that "[t]he focus of a clause such as the additional insured clause here is not on the precise cause of the accident but the *general nature of the operation* in the course of which the injury was sustained" (*id.* [internal quotation marks omitted and emphasis added]). The only relevant evidence submitted on the summary judgment motions established that LeClair fell on a freshly painted floor joist, and URS was responsible for removing the plywood covering and painting the joist. Accordingly, URS' liability arose out of its, not Regal's, operations. Just as the staircase in *Worth* was the "mere situs" of the accident, the "walk-through" of the job site by LeClair was the mere occasion of the accident. As in *Worth*, there is no "connection between [LeClair's] accident and the risk [i.e., Regal's work] for which coverage was intended" (*id.*).[4]

Given its conclusion that INSCORP was obligated to defend and indemnify URS without contribution from National Union, Supreme Court had no reason to resolve that branch of National Union's motion contending that INSCORP should be estopped from disclaiming coverage on the eve of the trial. I would deny that motion. The mere fact that INSCORP did not reserve a right to disclaim coverage in the March 11, 2004 letter is not dispositive (*see Federated Dept. Stores, Inc.*, 28 AD3d at 36-37). More critically, National Union failed "to establish a key element of common-law estoppel: prejudice caused by [INSCORP's] allegedly belated disclaimer" (*id.* at 37). Indeed, in the affirmation National Union submitted in support of this branch of its motion, it offered only a conclusory assertion that URS had detrimentally relied on INSCORP's control over its defense, and claimed only that INSCORP's control over the defense "*may* estop INSCORP from abandoning URS Corporation on the eve of trial" (emphasis added).

For these reasons, I would modify the order of Supreme Court so as to declare that URS is not entitled to coverage in the

---

4. The majority asserts that I place "unwarranted emphasis on the fact that the *LeClair* complaint does not set forth allegations of negligence on the part of Regal." This assertion is puzzling, as I expressly acknowledge that INSCORP does not rely on the absence of any allegations of negligence or other liability on the part of Regal and I expressly state my position that INSCORP should prevail on "the distinct ground" upon which it relies.

underlying action as an additional insured under the INSCORP policy. As my position does not carry a majority, it would be pointless for me to address INSCORP's contentions that the order also should be modified to declare both that National Union is obligated to defend and indemnify URS in the underlying action and that INSCORP is entitled to reimbursement in the amount of the defense costs and indemnity payment it incurred on behalf of URS. [*See* 19 Misc 3d 1122(A), 2008 NY Slip Op 50816(U).]