[930 NE2d 259, 904 NYS2d 338]

REGAL CONSTRUCTION CORPORATION et al., Appellants, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, Respondent, et al., Defendant.

Argued May 5, 2010; decided June 3, 2010

## POINTS OF COUNSEL

*Melito & Adolfsen P.C.,* New York City (*Louis G. Adolfsen, S. Dwight Stephens* and *Steven G. Adams* of counsel), and *New York Liquidation Bureau* (*Andrew J. Lorin, James E. d'Auguste* and *Judy H. Kim* of counsel) for appellants. URS Corporation is not entitled to coverage under the additional insured endorsement because Ronald LeClair's injury did not arise out of Regal Construction Corporation's demolition and renovation operations performed for URS. (*Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.,* 63 NY2d 396; *USI Capital & Leasing v Chertock,* 172 AD2d 235; *BP A.C. Corp. v One Beacon Ins. Group,* 8 NY3d 708; *American Ref-Fuel Co. of Hempstead v Resource Recycling,* 248 AD2d 420; *Breed v Insurance Co. of N. Am.,* 46 NY2d 351; *Caporino v Travelers Ins. Co.,* 62 NY2d 234; *Bretton v Mutual of Omaha Ins. Co.,* 110 AD2d 46, 66 NY2d 1020; *Turner Constr. Co. v American Mfrs. Mut. Ins. Co.,* 485 F Supp 2d 480; *Maroney v New York Cent. Mut. Fire Ins. Co.,* 5 NY3d 467; *Chelsea Assoc., LLC v Laquila-Pinnacle,* 21 AD3d 739.)

*Law Offices of Beth Zaro Green,* Brooklyn (*William J. Cleary* of counsel), for respondent. I. Ronald LeClair's accident occurred in the course of his employment with Regal Construction Corporation and therefore necessarily arose from Regal's operations. (*Worth Constr. Co., Inc. v Admiral Ins. Co.,* 10 NY3d 411; *Maroney v New York Cent. Mut. Fire Ins. Co.,* 5 NY3d 467; *Chelsea Assoc., LLC v Laquila-Pinnacle,* 21 AD3d 739; *O'Connor*

*v Serge El. Co.,* 58 NY2d 655; *New York Univ. v Royal Ins. Co.,* 200 AD2d 527; *Travelers Indem. Co. v Commerce & Indus. Ins. Co. of Can.,* 28 AD3d 914; *Longwood Cent. School Dist. v American Empls. Ins. Co.,* 35 AD3d 550; *Consolidated Edison Co. of N.Y. v Hartford Ins. Co.,* 203 AD2d 83; *Brown v Two Exch. Plaza Partners,* 76 NY2d 172; *Consolidated Edison Co. of N.Y. v United States Fid. & Guar. Co.,* 266 AD2d 9.) II. Appellants' position is both factually and legally flawed. (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; *Zuckerman v City of New York,* 49 NY2d 557; *Kalil v Zissis,* 281 AD2d 397; *Olmedo v Port Auth. of N.Y. & N.J.,* 256 AD2d 319; *Abbenante v Tyree Co.,* 228 AD2d 529; *AIU Ins. Co. v American Motorists Ins. Co.,* 8 AD3d 83; *Worth Constr. Co., Inc. v Admiral Ins. Co.,* 10 NY3d 411; *Maroney v New York Cent. Mut. Fire Ins. Co.,* 5 NY3d 467; *O'Connor v Serge El. Co.,* 58 NY2d 655.)

**OPINION OF THE COURT**

CIPARICK, J.

Once again, we are asked to determine the obligation of an insurer to defend and indemnify an additional insured for potential liability arising out of the operations of the primary insured (*see e.g. Worth Constr. Co., Inc. v Admiral Ins. Co.,* 10 NY3d 411 [2008]). The City of New York engaged URS Corporation (URS) as the construction manager for a renovation project at Rikers Island. By written agreement dated March 22, 1999, URS hired plaintiff Regal Construction Corporation (Regal) to serve as a prime contractor for general construction at the project, including demolition and renovation. The written agreement between Regal and URS required Regal to procure a commercial general liability (CGL) insurance policy naming URS as an additional insured. Accordingly, Regal obtained a CGL insurance policy from plaintiff Insurance Corporation of New York (INSCORP), which named URS as an "additional insured." The policy provided that Regal's insurance covered URS "only with respect to liability *arising out of* [Regal's] ongoing operations performed for [URS]" (emphasis added).

In March 2001, Regal's project manager, Ronald LeClair, was walking through the facility with Regal's superintendent and an employee of Regal's demolition subcontractor. Because the area was in the process of demolition, the flooring consisted of temporary sheets of plywood spread over steel floor joists. LeClair stepped from the plywood onto a floor joist to indicate a wall that needed to be demolished. According to LeClair, the

joist on which he stepped had been recently painted and the paint caused him to slip, resulting in a back injury. LeClair claimed that an unnamed person from URS told him that URS employees had painted the joist.

In 2003, LeClair commenced a personal injury action against the City and URS. While LeClair did not name his employer, Regal, as a defendant, URS forwarded a copy of the complaint to Regal and its insurer, INSCORP, demanding a defense and indemnification based on the additional insured clause of the CGL policy. In April 2003, INSCORP informed URS by letter that it was reviewing the incident, and reserved its right to disclaim coverage at a later date if it determined that URS was not entitled to coverage under the policy. INSCORP thereafter accepted URS's tender of its defense.[1] Subsequently, however, Regal and INSCORP commenced this declaratory judgment action against URS and its insurer, National Union Fire Insurance Company, seeking a declaration that URS was not entitled to coverage as an additional insured under the INSCORP policy.

Supreme Court granted judgment in favor of URS and its insurer, concluding that LeClair's injury arose out of Regal's work (19 Misc 3d 1122[A], 2008 NY Slip Op 50816[U]). Regal and INSCORP appealed.[2] The Appellate Division affirmed, with two Justices dissenting (64 AD3d 461 [2009]), and we now affirm.

An insurer's duty to defend its insured is " 'exceedingly broad' " (*BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [2007], quoting *Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]). An "insurer will be called upon to provide a defense whenever the allegations of the complaint suggest . . . a reasonable possibility of coverage" (*id.*, quoting *Cook*, 7 NY3d at 137 [internal quotation marks omitted]). "If [a] complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend" (*id.*, quoting *Technicon Elecs. Corp. v American Home Assur. Co.*, 74 NY2d 66, 73 [1989] [internal quotation marks omitted]). This standard applies equally to additional insureds and named insureds (*see id.* at 714-715, citing *Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391, 393 [2003]).

---

1. A third-party action commenced by URS against Regal was discontinued in March 2004.

2. During the pendency of this action, the parties to the underlying personal injury action reached a settlement.

The additional insured endorsement at issue here provides that URS is an additional insured under the CGL policy issued by INSCORP to Regal "only with respect to liability arising out of [Regal's] ongoing operations." We have interpreted the phrase "arising out of" in an additional insured clause to mean "originating from, incident to, or having connection with" (*Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467, 472 [2005] [internal quotation marks and citations omitted]). It requires "only that there be some causal relationship between the injury and the risk for which coverage is provided" (*id.*).

Here, Regal's employee, LeClair, was walking through the work site to indicate additional walls that needed to be demolished by Regal's subcontractor when he slipped on a recently-painted metal joist. Although Regal and INSCORP contend that LeClair's injury did not arise from Regal's demolition and renovation operations performed for URS, but that it was URS employees who painted the joist on which LeClair slipped, the focus of the inquiry "is not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained" (*Worth*, 10 NY3d at 416 [internal quotation marks and citation omitted]). Accordingly, the injury "ar[ose] out of" Regal's operations notwithstanding URS's alleged negligence, and fell within the scope of the additional insured clause of the insurance policy.

Regal and INSCORP's reliance on *Worth* to argue otherwise is misplaced. In that case, a subcontractor, Pacific Steel, Inc. (Pacific), hired to install stairs at a construction project, obtained a CGL policy naming the general contractor, Worth Construction Co. (Worth), as an additional insured (*id.* at 413). After Pacific completed the initial installation, it turned the project over to Worth, who hired a different subcontractor to pour cement over the steel stair "pans." After the cement was poured, Pacific was to return to install handrails. However, prior to Pacific's return to the job site, an employee of a different subcontractor slipped and fell on fireproofing which had been installed by yet a third subcontractor (*see id.* at 413-414). Pacific played no role in the installation of the fireproofing. Worth sought to invoke the protection of the additional insured clause of the CGL policy procured by Pacific, but we rejected Worth's argument that the injury arose out of Pacific's operations. Specifically, we explained that it was

"evident that the general nature of Pacific's opera-

tions involved the installation of a staircase and handrails. An entirely separate company was responsible for applying the fireproofing material. At the time of the accident, Pacific was not on the job site, having completed construction of the stairs, and was awaiting word from Worth before returning to affix the handrails" (*id.* at 416).

We went on to characterize the staircase as "merely the situs of the accident," concluding that there was no connection between the accident and Pacific's work (*id.*).

This case is factually distinct from *Worth*. Here, there was a connection between the accident and Regal's work, as the injury was sustained by Regal's own employee while he supervised and gave instructions to a subcontractor regarding work to be performed. That the underlying complaint alleges negligence on the part of URS and not Regal is of no consequence, as URS's potential liability for LeClair's injury "ar[ose] out of" Regal's operation and, thus, URS is entitled to a defense and indemnification according to the terms of the CGL policy.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs.