■ CHRIST THE KING REGIONAL HIGH SCHOOL et al., Appellants, v ZURICH INSURANCE COMPANY OF NORTH AMERICA, Respondent. [936 NYS2d 680]—

The plaintiffs entered into an agreement with All American Talent (hereinafter All American), whereby All American was to rent the auditorium and three classrooms in the plaintiff Christ the King Regional High School (hereinafter the school) for two days for a dance competition. The contract required All American to name the school as an additional insured on a liability insurance policy issued to it by the defendant (*see Christ the King Regional High School v Zurich Ins. Co. of N. Am.*, 91 AD3d 806 [2012] [decided herewith]).

Shirley Levine allegedly was injured when she fell on a sidewalk while walking from the parking lot behind the school to the front entrance in order to attend the dance competition. Levine commenced an action against the present plaintiffs, alleging that her fall was caused by a sidewalk defect. The plaintiffs sought defense and indemnification in that action from the defendant, under an additional insured endorsement of a general liability policy issued by the defendant to All American. When the defendant denied that request, the plaintiffs commenced this action for a judgment declaring that the defendant is obligated to defend and indemnify them in the underlying personal injury action. The plaintiffs moved for summary judgment on the complaint, and the Supreme Court denied the motion. We affirm, but on a ground different from that relied upon by the Supreme Court.

In support of their motion, the plaintiffs argued that coverage was available under Section II, 2.e of the Commercial General Liability Coverage Form, under which, as relevant here, an "insured" is defined to include any organization to whom All American was obligated, by virtue of a written contract, to provide liability insurance, "but only with respect to liability arising out of [its] operations." The portion of this provision limiting coverage to liability "arising out of [All American's] operations" requires that there be "some causal relationship

between the injury and the risk for which coverage is provided" (*Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d 34, 38 [2010], quoting *Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467, 472 [2005]; *see Worth Constr. Co., Inc. v Admiral Ins. Co.*, 10 NY3d 411, 415 [2008]). The plaintiffs failed to demonstrate, prima facie, the existence of such a causal relationship. All American's "operations" consisted of conducting a dance competition in the school auditorium and three classrooms. Bodily injury occurring outside the leased premises, in an area which All American had no responsibility to maintain or repair, "was not a bargained-for risk" (*Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d at 473). Rather, All American's "operations" at the school merely furnished the occasion for the accident, much like in *Worth Constr. Co.*, where the fact that the named-insured subcontractor installed a staircase on which the injured plaintiff fell, thus furnishing "the situs of the accident," did not demonstrate that the accident, caused by the installation of fireproofing on the staircase by another subcontractor, arose from the named-insured subcontractor's "operations" (*Worth Constr. Co., Inc. v Admiral Ins. Co.*, 10 NY3d at 416; *cf. Castillo v Amjack Leasing Corp.*, 84 AD3d 1298, 1298 [2011] ["liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes" (internal quotation marks omitted)]).

Since the plaintiffs failed to meet their initial burden, we need not consider the sufficiency of the papers submitted by the defendant in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the complaint. Skelos, J.P., Hall, Lott and Cohen, JJ., concur.