11-4339-cv
*Preferred Constr., Inc. v. Illinois Nat'l Ins. Co.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> PETER W. HALL,
>      *Circuit Judges.*

—————————————————————————————

Preferred Construction, Inc. &
Nova Casualty Company

>      *Plaintiffs-Appellants,*

>                v.                                              No. 11-4339-cv

Illinois National Insurance Company,

>      *Defendant-Appellee.*

—————————————————————————————

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | S. DWIGHT STEPHENS (Ignatius John Melito, *on the brief*), Melito & Adolfsen, P.C., New York, NY. |
| **FOR DEFENDANT-APPELLEE:** | DANIEL ZEMANN, JR. (Portia Reid, *on the brief*), London Fischer LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs-appellants Preferred Construction, Inc. ("Preferred Construction") and Nova Casualty Company ("Nova") (jointly, the "plaintiffs") appeal from the September 26, 2011 judgment of the District Court granting summary judgment to defendant Illinois National Insurance Company ("Illinois National") and denying summary judgment to the plaintiffs in an excess insurance coverage action. Both Nova, as the primary insurer, and Illinois National, as the excess insurer, insured Preferred Construction. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

## BACKGROUND

Briefly, this action arises from accident that occurred on December 2, 2008, when Kevin Kennedy, an employee of Preferred Construction, fell from a roof and was injured during a construction project at the Holy Sepulchre Cemetery (the "Cemetery") of the Diocese of Rockville Centre (the "Diocese"). On March 16, 2009, Kennedy filed suit in New York State Supreme Court, Suffolk County (the "*Kennedy* action"), against the Cemetery, the Diocese, and the general contractor that hired Preferred Construction, asserting claims of negligence and violations of New York Labor Law. Pursuant to the Preferred Construction subcontract and the Nova general liability policy, Nova accepted the tenders of the Cemetery, the Diocese, and the general contractor (jointly, the "additional insureds") and appointed defense counsel for all three defendants. The *Kennedy* action remains in litigation.

On April 20, 2010, the additional insureds filed a third-party complaint against Preferred Construction in the *Kennedy* action, seeking indemnification for "any recovery that plaintiff [Kennedy] may obtain in excess of the primary policy limits of the third-party defendant [Preferred Construction]." By letter dated May 3, 2010, Nova tendered the third-party complaint to Illinois National, as excess insurer, and requested that Illinois National appoint counsel to appear for and defend Preferred Construction in the *Kennedy* action. Illinois National declined to accept the tender.

On August 4, 2010, Preferred Construction and Nova commenced this declaratory judgment action against Illinois National in New York State Supreme Court, New York County, seeking (1) a declaration that Illinois National is obligated to defend and indemnify Preferred Construction in the *Kennedy* third-party action; and (2) a money judgment reimbursing Nova for any sums incurred in

2

connection with the defense of that claim. Illinois National thereafter removed the declaratory judgment action to the Southern District of New York.

The parties cross-moved for summary judgment. By order dated September 23, 2011, commemorated in a judgment of September 26, 2011, the District Court granted summary judgment to Illinois National and denied summary judgment to Preferred Construction and Nova. The Court based its decision on the language of the Illinois National excess insurance policy, which provides that Illinois National has a defense obligation only when "the total applicable limits of Scheduled Underlying Insurance have been exhausted by payment of Loss to which this policy applies and the total applicable limits of other insurance have been exhausted." Because the Nova insurance policy is not yet exhausted, the Court concluded that Illinois National has no present obligation to defend Preferred Construction. This appeal followed.

## DISCUSSION

"We review *de novo* the district court's grant of summary judgment, drawing all factual inferences in favor of the non-moving party." *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). The parties agree that New York law controls.

"As with the construction of contracts generally, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court." *Vigilant Ins. Co. v. Bear Stearns Cos.*, 10 N.Y.3d 170, 177 (2008) (internal quotation marks omitted). It is well settled that "[a]n insurer's duty to defend its insured is exceedingly broad," and "an insurer will be called upon to provide a defense whenever the allegations of the complaint suggest a reasonable possibility of coverage." *Regal Constr. Corp. v. Nat'l Union Fire Ins. Co.*, 15 N.Y.3d 34, 37 (2010) (internal quotation marks and alteration omitted).

"The word 'primary' is used . . . in the field of excess insurance to distinguish coverage which attaches immediately upon the happening of an occurrence, from excess coverage, which attaches only after a predetermined amount of 'primary' coverage has been exhausted." *Am. Home Assurance Co. v. Republic Ins. Co.*, 984 F.2d 76, 77 (2d Cir. 1993). "In the context of primary and excess insurance, . . . a primary insurer has the primary duty to defend on behalf of its insureds." *Fieldston Prop. Owners Ass'n, Inc. v. Hermitage Ins. Co.*, 16 N.Y.3d 257, 265 (2011) (internal quotation marks omitted). The primary insurer "generally has no entitlement to contribution from an excess insurer." *Id.* (internal quotation marks omitted). "Although an excess insurance carrier may elect to

3

participate in an insured's defense to protect its interest, it has no obligation to do so." *Id.* (internal quotation marks omitted).

Two insurance policies are at issue in this case. Nova issued a commercial general liability policy to Preferred Construction with a $1 million limit per occurrence of liability (the "Nova Policy"). The Nova Policy provides that Nova has "the right and duty to defend the insured against any 'suit' seeking . . . damages" that Preferred Construction "becomes legally obligated to pay" because of bodily injury or property damages. Illinois National issued a commercial excess liability policy to Preferred Construction with a $5 million limit per occurrence of liability (the "Illinois National Policy"). The defense provision of the Illinois National Policy provides as follows:

> We will have the right and duty to defend any Suit against the Insured that seeks damages for Bodily Injury, Property Damage or Personal Injury and Advertising Injury covered by this policy, even if the Suit is groundless, false or fraudulent *when the total applicable limits of Scheduled Underlying Insurance have been exhausted* by payment of Loss to which this policy applies and the total applicable limits of Other Insurance have been exhausted.

Joint App'x 203 (emphasis supplied). Nova is identified as the underlying primary carrier in the Schedule of Underlying Insurance.

The language of the Illinois National Policy is clear that the underlying primary insurance must be exhausted before the excess policy will provide a defense. There is no dispute that the Nova policy is not yet exhausted. We therefore conclude, as the District Court did, that Illinois National has no present obligation to provide a defense. The plaintiffs argue that the duty to defend is triggered because the third-party complaint seeks only damages above the "applicable limits" of the underlying coverage (or, alternatively, that the policy is ambiguous as to whether that claim triggers the duty and should thus be construed against Illinois National). The plaintiffs' argument misses the mark, however, because even if they are correct that the claim is one for damages above the "applicable limits," exhaustion is still a condition precedent to triggering the duty to defend, and that condition has not been met.

The fact that the third-party complaint seeks indemnification only for "any recovery that plaintiff may obtain *in excess of the primary policy limits*" does not change this result. Requiring Illinois National to defend in these circumstances would effectively permit any claim of excess damages to preemptively trigger the excess insurer's duty to defend—regardless of when (or whether) the limits of the primary policy are exhausted. Such a result would appear to eviscerate the general rule that the excess insurer "may elect to participate in an insured's defense to protect its interest, [but] . . .

4

has no obligation to do so." *Fieldston Prop. Owners Ass'n*, 16 N.Y.3d at 265 (internal quotation marks omitted).

On appeal, the plaintiffs principally argue that the anti-subrogation rule is the "key" to this case. The anti-subrogation rule provides that "[a]n insurer . . . has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered." *N. Star Reins. Corp. v. Cont'l Ins. Co.*, 82 N.Y.2d 281, 294 (1993). Thus, the additional insureds are barred by the anti-subrogation rule from pursuing a third-party claim for contractual indemnification against the named insured (in this case, Preferred Construction) up to the $1 million limit of the Nova Policy. A third-party indemnification claim is permitted, however, to the extent recovery is sought in excess of the $1 million limit.

Whatever effect the anti-subrogation rule might have on Nova's duty to defend (an issue on which we express no opinion), it is clear enough for our purposes that the rule cannot operate to defeat the reasonable expectations of Preferred Construction and Illinois National. We find no authority permitting us to depart from New York's well-settled rule that an excess carrier has a right, not an obligation, to assist in the defense of its insured when the primary insurance has not yet been exhausted. *See Fieldston Prop. Owners Ass'n*, 16 N.Y.3d at 265.

## CONCLUSION

We have considered all of the plaintiffs' other arguments on appeal and conclude that each of them is without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court