*Ameriprise Captive Ins. Co. v. Audatex N. Am., Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand twenty-four.

PRESENT:

> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

AMERIPRISE CAPTIVE INSURANCE
COMPANY, as subrogee of IDS Property
Casualty Insurance Company,

       *Plaintiff-Appellant,*

       v.                                      No. 23-957

AUDATEX NORTH AMERICA, INC.,

       *Defendant-Appellee.*

_____

For Plaintiff-Appellant: SHAWN M. RAITER, Larson King, LLP, St. Paul, MN (Philip W. Allogramento III, Connell Foley LLP, Roseland, NJ, *on the brief*).

For Defendant-Appellee: BRENTON A. ROGERS (Katie R. Lencioni, Philip M. Cooper, *on the brief*), Kirkland & Ellis LLP, Chicago, IL.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jennifer L. Rochon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 31, 2023 judgment of the district court is **VACATED** and **REMANDED**.

Ameriprise Captive Insurance Company appeals from the district court's judgment dismissing its breach of contract claim against Audatex North America, Inc., a company that provides vehicle valuation services. After using Audatex's valuation services, Ameriprise was sued in a class action ("*Zuern*") on the grounds that it undervalued its customers' vehicles when processing total-loss insurance claims, in violation of Washington state law and in breach of its insurance contracts with class members. Ameriprise settled the *Zuern* claims and brought suit in the district court to enforce the indemnification provision in its contract with Audatex. The district court dismissed the suit with prejudice, concluding

2

that the indemnification provision in the parties' contract did not cover the defense of, and liabilities associated with, the *Zuern* claims. On appeal, Ameriprise argues that the district court wrongly relied on the contract's general provisions, which assigned responsibility for compliance with state law to Ameriprise, while ignoring the specific language of the indemnification provision, which stated that, "[n]otwithstanding any other provision" of the contract, Audatex would defend against and indemnify Ameriprise for all claims arising out of the use of Audatex's services. Ameriprise App'x at 77. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to [Federal Rule of Civil Procedure] 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (internal quotation marks omitted). The parties agree that New York law governs Ameriprise's contract claim, given the contract's choice-of-law clause. Under New York law, a contract containing an indemnification provision "must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed." *Tonking v. Port Auth. of*

*N.Y. & N.J.*, 3 N.Y.3d 486, 490 (2004) (internal quotation marks omitted). Nevertheless, "[a] contract that provides for indemnification will be enforced as long as the intent to assume such a role is sufficiently clear and unambiguous." *Bradley v. Earl B. Feiden, Inc.*, 8 N.Y.3d 265, 274 (2007) (internal quotation marks omitted).

The indemnification provision in the parties' contract provided in relevant part:

> **20.1 <u>Vendor Indemnity</u>.** *Notwithstanding any other provision herein*, [Audatex] agrees to defend, at its own expense, any claim, suit, action or proceeding brought against Ameriprise . . . and shall indemnify and hold [Ameriprise] harmless from and against any and all claims, judgments, awards, demands, liabilities, losses, costs, damages or expenses . . . *resulting from or arising out of*:
>
> **20.1.1** the System, Services, Content (specifically excluding Ameriprise Content), or any work product provided by [Audatex] hereunder, or the use thereof.

Ameriprise App'x at 77 (emphasis added).

Discounting the importance of the "notwithstanding" clause and without defining the phrase "resulting from or arising out of," the district court rejected Ameriprise's argument that "the *Zuern* litigation 'resulted and arose' from its use of [Audatex]'s services," instead adopting Audatex's view that "the *Zuern* litigation resulted or arose out of [Ameriprise]'s conduct and [Ameriprise]'s

4

failure to comply with laws affecting its business, responsibility for which the [a]greement exclusively imposes on [Ameriprise]." *Id.* at 13. We conclude that the district court erred in finding that the *Zuern* litigation did not result from or arise out of Ameriprise's use of Audatex's services.

The parties agree that the phrase "arising out of" means "originating from, incident to, or having connection with." *Fed. Ins. Co. v. Am. Home Assurance Co.*, 639 F.3d 557, 568 (2d Cir. 2011) (internal quotation marks omitted) (defining "arising out of" under New York law). "'[A]rising out of' . . . requires only that there be some causal relationship," *Maroney v. N.Y. Cent. Mut. Fire Ins. Co.*, 5 N.Y.3d 467, 472 (2005), and does not mean "proximately caused by," *Burlington Ins. Co. v. N.Y.C. Transit Auth.*, 29 N.Y.3d 313, 324 (2017) (internal quotation marks omitted). *See id.* (contrasting "arising out of," which "is not the functional equivalent of proximately caused by," with "caused, in whole or in part," which does require proximate cause; and citing the Texas Supreme Court's "similar distinction," under which "arise out of means that there is simply a causal connection or relation, which is interpreted to mean that there is but for causation, though not necessarily direct or proximate causation" (internal quotation marks omitted)); *see also Aetna Cas. & Sur. Co. v. Liberty Mut. Ins. Co.*, 459 N.Y.S.2d 158,

161 (4th Dep't 1983) ("The words 'arising out' of have broader significance than the words 'caused by.'" (internal quotation marks omitted)).[1]

It follows from these definitions that, to survive a motion to dismiss, Ameriprise was required to plead facts sufficient to establish a plausible claim that Audatex's services or Ameriprise's use thereof had "some causal relationship" with the *Zuern* class claims. *Maroney*, 5 N.Y.3d at 472; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In its complaint, Ameriprise alleged that Audatex provided it with a vehicle valuation tool and that Ameriprise used the tool to calculate payments on its customers' total-loss insurance claims. According to Ameriprise, that tool generated total cash values that had been reduced by a "Typical Negotiation Adjustment," which reflected the assumption that vehicle buyers typically negotiate a lower price than the price advertised by a dealer. Ameriprise App'x at 27. Ameriprise also attached to its federal pleading the complaint in the *Zuern* class action, which asserted that these Typical Negotiation Adjustments violated Washington state law. That law, it alleged,

---

[1] Audatex cites *Worth Constr. Co., Inc. v. Admiral Ins. Co.*, 10 N.Y.3d 411, 416 (2008), to argue that "arising out of" requires proximate cause. But that case instead stands for the proposition that the "situs of [an] accident" – in *Worth*, a staircase – is insufficient by itself to establish that an injury caused by a third party's actions "arose out of" the situs. *Worth,* 10 N.Y.3d at 416. In any event, the indemnification provision in this case explicitly extends not just to claims arising out of Audatex's valuation tool, which could arguably be analogized to a situs of the accident, but also to claims arising out of Ameriprise's "use thereof." Ameriprise App'x at 77.

requires insurance companies calculating the value of a total-loss vehicle to make "only 'appropriate deductions or additions for options, mileage, or condition when determining comparability.'" *Id.* at 38 (quoting Wash. Admin. Code § 284-30-391).

Based on these allegations, which we accept as true for purposes of this appeal from a judgment granting a motion to dismiss, we cannot say that Ameriprise failed to plausibly allege "some causal relationship" between Audatex's services and the *Zuern* claims against Ameriprise. *Maroney*, 5 N.Y.3d at 472. While Audatex's valuation tool may not have been the proximate cause of the *Zuern* claims, it need not have been: under New York law the phrase "arising out of" does not require proximate cause. *Burlington Ins. Co.*, 29 N.Y.3d at 324. We therefore conclude that the district court erred in finding that the *Zuern* claims did not "arise out of" Audatex's valuation tool or Ameriprise's use thereof.

To be sure, as the district court explained in detail, other provisions of the contract allocated the responsibility of complying with state law solely to Ameriprise, an allocation that ran counter to the indemnification provision. But the indemnification provision began with the phrase "[n]otwithstanding any other

provision herein," Ameriprise App'x at 77, and it is well established that such a clause trumps any conflicting terms in the contract, *see Bank of N.Y. v. First Millenium, Inc.*, 607 F.3d 905, 917 (2d Cir. 2010) ("This Court has recognized many times that under New York law, clauses similar to the phrase 'notwithstanding any other provision' trump conflicting contract terms." (alterations omitted)). While the district court avoided the "notwithstanding" clause by interpreting the indemnification provision so that it would not conflict with the rest of the contract, that interpretation, as we have discussed, was erroneous.[2]

We emphasize that we hold only that the district court erred in concluding that Ameriprise failed to plead facts sufficient to establish that the *Zuern* claims resulted from or arose out of Ameriprise's use of Audatex's valuation tool. We express no opinion on the question of whether the indemnification provision

---

[2] Audatex argues that the indemnification provision "makes clear that the scope of Audatex's indemnification obligations is limited by the scope of what it agreed to provide Ameriprise under the [a]greement," and that "Audatex provided *nothing* related to Ameriprise's discharge of its state-law obligations." Audatex Br. at 34. But that argument cuts against Audatex, not for it. Audatex agreed to provide vehicle valuation services, and Ameriprise alleged that its use of those services led to it being sued for violating state law. Accepting the complaint as true, the *Zuern* claims arose from Ameriprise's use of Audatex's valuation services, regardless of which party bore the responsibility for compliance with state law. The principal case Audatex cites – *Greater N.Y. Mut. Ins. Co. v. Mut. Marine Off.*, 769 N.Y.S.2d 234 (1st Dep't 2003) – involved a dispute over the scope of an additional-insured clause in an insurance policy, not an indemnification provision that explicitly applied "[n]otwithstanding any other provision" of the parties' contract.

requires Audatex to indemnify Ameriprise for the *Zuern* claims, given the other terms of the provision, including its carveout for "Ameriprise Content."

We have considered Audatex's remaining arguments and find them to be without merit. Accordingly, we **VACATE** the judgment of the district court and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court