Watson v Intercounty Paving Assoc., LLC (2026 NY Slip Op 00071)

Watson v Intercounty Paving Assoc., LLC

2026 NY Slip Op 00071

Decided on January 08, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 08, 2026

Before: Moulton, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 157377/14|Appeal No. 5542|Case No. 2024-06740|

[*1]Jane Martin Watson et al., Plaintiffs-Respondents,
vIntercounty Paving Associates, LLC, Defendant-Respondent, Royal Guard Fence Co., Inc., Defendant-Appellant, Ponderosa Fence Enterprises Inc. et al., Defendants. Intercounty Paving Associates, LLC, Third-Party Plaintiff-Respondent, Royal Guard Fence Co., Inc., Third-Party Defendant-Appellant.

Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Lara Liotti of counsel), for appellant.
Diamond and Diamond, LLC, Brooklyn (Stuart Diamond of counsel), for Jane Martin Watson and Robert I. Watson, respondents.
Kahana Feld, LLP, New York (Sofya Uvaydov of counsel), for Intercounty Paving Associates, LLC, respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about October 24, 2024, which, to the extent appealed from, granted plaintiffs' motion for partial summary judgment against defendant Royal Guard Fence Co., Inc. (RGF), granted the cross-motion of defendant Intercounty Paving Associates, LLC (IPA) for summary judgment to the extent of declaring RGF liable to provide IPA contractual indemnification for its defense costs, including attorneys' fees, and denied RGF's motion for summary judgment dismissing plaintiffs' complaint brought as against it and IPA's cross-claims, unanimously affirmed, without costs.
The court properly granted plaintiffs' motion for summary judgment against RGF based on unrebutted testimony that RGF employees were observed placing the type of temporary bolts over which plaintiff Jane Martin Watson tripped in the part of the concrete pathway she was traversing when she fell, creating a hazardous condition (see Espinal v Melville Snow Contrs., 98 NY2d 136, 141-142 [2002]). In opposition, RGF failed to present evidence sufficient to raise a question of fact as to whether it placed the bolts, which were used in connection with the installation of a guardrail and then failed to remove them. The deposition of its worker was inadequate because he was not on site every day of the project, left before it was completed, and was not even fully aware of how the guardrail was installed (see Powell v City of New York, 218 AD3d 1, 4 [1st Dept 2023]). The court also properly denied summary judgment to RGF based on its failure to eliminate the possibility that it was responsible for the removal of the bolts.
Summary judgment was properly granted to IPA on its claim for contractual indemnification against RGF based on their subcontract. The subcontract's indemnification provision required RGF to indemnify IPA for claims "arising out of" the former's performance of its work under the subcontract or any breach of the subcontract agreement. The record establishes that the injury arose out of RGF's work, thereby
triggering the provision (see Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA, 15 NY3d 34, 38 [2010]).
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 8, 2026