J.P. Morgan Sec. Inc. v Vigilant Ins. Co. (2022 NY Slip Op 01876)





J.P. Morgan Sec. Inc. v Vigilant Ins. Co.


2022 NY Slip Op 01876


Decided on March 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 17, 2022

Before: Acosta, P.J., Renwick, Webber, Kern, JJ. 


Index No. 600979/09 Appeal No. 6734-6735 Case No. 2018-00580, 2018-303 

[*1]J.P. Morgan Securities Inc. et al., Plaintiffs-Respondents,
v
Vigilant Insurance Company et al., Defendant-Appellant. 


Holwell Shuster & Golderg LLP, New York (James M. McGuire of counsel), for Vigiland Insurance Company and Federal Insurance Company, appellants.
Kaufman Borgeest & Ryan LLP, New York (Scott A. Schechter, Andrew E. Oldis and Matthew Mawby of counsel), for Liberty Mutual Insurance Company, appellants.
Faegre Drinker Biddle & Reath LLP, New York (Marsha J. Indych and David F. Abernethy of the bar of the State of New Jersey and Commonwealth of Pennsylvania, admitted pro hac vice, of counsel), for The Travelers Indemnity Company, appellant.
D'Amato & Lynch, LLP, New York (Kevin J. Windels of counsel), for National Union Fire Insurance Company of Pittsburg, PA., appellant.
Clyde & Co US LLP, New York (Edward J. Kirk of counsel), for Certain Underwriters at Lloyd's, London, appellant.
Landman Corsi Ballaine & Ford P.C., New York (William Ballaine of counsel), for American Alternative Insurance Corporation, appellant.
Proskauer Rose LLP, New York (Seth B. Schafler and Steven E. Obus of counsel), for respondents.



Upon remittitur from the Court of Appeals (__ NY3d __, 2021 NY Slip Op 06528 [2021]) for consideration of issues raised but not determined in this Court, judgment Supreme Court, New York County (Charles Ramos, J.), entered August 14, 2017, awarding plaintiffs sums of money, including prejudgment interest, as against defendants Vigilant Insurance Company, The Travelers Indemnity Company, Federal Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pa., and Liberty Mutual Insurance Company, unanimously modified, on the law, to vacate the awards of prejudgment interest as against the excess insurers (all defendants except Vigilant), and otherwise affirmed, without costs. Appeals from order, same court and Justice, entered April 17, 2017, as amended by order of the same court and justice, entered on or about August 11, 2017, unanimously dismissed, without costs, as subsumed in the appeals from the judgment.
Our prior order (166 AD3d 1 [2018]), reversed the August 14, 2017 judgment of Supreme Court in plaintiff's favor, denied plaintiffs' motion for summary judgment, and granted defendant insurers' motions for summary judgment declaring that plaintiffs were not entitled to coverage for their monetary settlement of a Securities and Exchange Commission proceeding against plaintiff Bear Sterns because the disgorgement was an uninsurable penalty and not a loss covered by the policy. The Court of Appeals reversed our order, holding, that "the settlement payment in question was not excluded from insurance coverage as a 'penalt[y] imposed by law' under the policies at issue" (__ NY3d __, 2021 Slip Op 06528 at *3), and remitted the case to us for consideration of defendants remaining arguments, including their additional defenses to coverage.
Defendants argue that public policy prohibits indemnification of losses caused by intentionally harmful conduct. We find that the record evidence, including the findings in the SEC settlement order, that Bear Stearns willfully violated numerous federal securities laws through its active facilitation of late trading and market timing activities on behalf of its hedge fund customers does not show that Bear Stearns intended to harm mutual fund investors by its facilitation of these trading strategies (see J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 335 [2013]) or that it knew that its actions would "directly and immediately" harm the investors (see City of Johnstown, N.Y. v Bankers Std. Ins. Co., 877 F2d 1146, 1150 [2d Cir 1989]).
Defendants argue that an issue of fact exists as to whether the settlements were reasonable. We find that the record demonstrates the reasonableness of the settlements and the settlement amounts under the circumstances.
The exclusion barring coverage for "any personal profit or advantage to which [Bear Stearns] was not legally entitled" does not apply to the claim for the disgorgement payment, because the evidence establishes that that payment represents third[*2]-party gains, rather than a benefit or advantage to Bear Stearns (J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d at 337).
The defense based on the "prior knowledge" exclusion in the policies issued by Certain Underwriters at Lloyd's, London, and American Alternative Insurance Corporation is unavailing. While the term "officer" should not, as plaintiffs argue, be limited to the top four officers of Bear Stearns, and should be construed to encompass high-level senior management with important executive and managerial duties, there is no evidence in the record that any Bear Stearns employee fitting that description had knowledge, before March 21, 2000, of the deceptive market timing and late trading scheme that Bear Stearns facilitated and participated in during the period 1999 to 2003. In any event, National Union cannot assert a defense based on this exclusion, because its insurance policy did not include the exclusion, and the exclusion did not come into effect by virtue of its inclusion in an insurance binder that was issued after the policy but not formally incorporated into any effective policy.
Plaintiffs are not entitled to prejudgment interest from the excess insurers, because the contractual attachment provision permitted those insurers to wait out good-faith coverage disputes between the insured and the underlying insurer without risk of breaching their performance obligations; under the plain language of the provision, only upon actual payment by the underlying insurer did the excess insurers' performance obligations become due (see TIAA-CREF Individual & Inst. Servs., LLC v Illinois Natl. Ins. Co., 2017 WL 5197860, *7-8, 2017 Del Super LEXIS 594, *17-21 [Del Super, Oct. 23, 2017] [decided under New York law], affd 192 A3d 554 [Del 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST JUDICIAL DEPARTMENT.
ENTERED: March 17, 2022