■ HARRIMAN ESTATES DEVELOPMENT CORP., Appellant, v GENERAL ACCIDENT INSURANCE COMPANY et al., Defendants, and TRANSCONTINENTAL INSURANCE Co., Respondent. [765 NYS2d 338] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered July 19, 2002, which, in a declaratory judgment action involving defendant insurer's (Transcontinental) obligation to defend and indemnify plaintiff home builder (Harriman) in an underlying personal injury action brought against Harriman and others by an employee of Transcontinental's insured (X Traire), one of Harriman's contractors, granted Transcontinental's motion for summary judgment dismissing the complaint on the ground of collateral estoppel, unanimously affirmed, with costs.

The contract between Harriman and X Traire provides that X Traire is to indemnify Harriman for liability "arising out of or in any way relating to the work performed * * * by [X Traire] * * * under this contract." Such obligation to indemnify is the same as, if not broader than that imposed under the additional insured clause in the Transcontinental insurance policy procured by X Traire, which is limited to liability "arising out of * * * '[X Traire's] work' for [Harriman]." Thus, in granting X Traire's motion in the underlying action for summary judgment dismissing Harriman's third-party complaint, the court necessarily decided that the injuries claimed therein did not arise out of X Traire's work for Harriman, and therefore are not covered by the additional insured clause. Indeed, given an indemnity clause in a construction contract that requires the subcontractor to obtain insurance naming the general contractor as an additional insured, it should come as no surprise that the issue of liability under the contract's indemnity clause would have consequences on the issue of liability under the policy's additional insured clause. Thus, it is appropriate to collaterally estop Harriman from asserting coverage in this action even though, for unstated reasons, it chose not to oppose X Traire's motion for summary judgment in the underlying action (see Buechel v Bain, 97 NY2d 295, 303-305 [2001], cert denied 535 US 1096 [2002]).

In any event, it appears that X Traire's employee was working on a completely different job when injured, and merely returned to Harriman's job site to retrieve some items that had been left behind after the Harriman job had been completed. Given these facts we would find, in the absence of collateral estoppel, that the claimed injuries did not arise out of X

Traire's work for Harriman (*see Glynn v United House of Prayer For All People*, 292 AD2d 319, 323 [2002]), and declare that Transcontinental is not obligated to defend and indemnify Harriman. Concur—Nardelli, J.P., Tom, Sullivan, Ellerin and Friedman, JJ.