■ 151 EAST 26TH STREET ASSOCIATES, Respondent, v QBE INSURANCE COMPANY, Appellant. [823 NYS2d 24]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered August 9, 2005, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

In this action alleging wrongful refusal by defendant to pay a claim for the loss of property insured by it under a policy issued to plaintiff, defendant has waived disclaimer predicated on untimely notice of claim. Defendant never issued a written disclaimer of coverage citing the failure of plaintiff to give "prompt" notice in accordance with the requirement of the policy, and, indeed, did not raise the lack-of-prompt-notice defense until more than three years after receiving plaintiff's notice of claim (*see Hotel des Artistes, Inc. v General Acc. Ins. Co. of Am.*, 9 AD3d 181, 193 [2004], *appeal dismissed* 4 NY3d 739 [2004]). In any case, under the unusual circumstances presented, in which serious structural infirmity in plaintiff's apartment building necessitated emergent and extensive shoring to stabilize the building and assure the safety of its tenants, many of whom refused to evacuate their apartments, plaintiff's notice of claim, sent to defendant shortly after the emergency shoring had been completed but before substantial long-term remedial measures had been undertaken, has not been shown to be untimely as a matter of law. Nor has defendant made a persuasive showing in support of the alternative grounds advanced by it for summary judgment predicated upon the contention that it was denied a meaningful opportunity to inspect the premises so as to ascertain for itself the cause and extent of the loss at issue. Indeed, it appears from the record that such an opportunity was in fact provided.

We have considered defendant's remaining arguments and find them unavailing. Concur—Buckley, P.J., Tom, Marlow, Nardelli and Williams, JJ.