■ TOWER INSURANCE COMPANY OF NEW YORK, Appellant, v MIKE'S PIPE YARD AND BUILDING SUPPLY CORP., Respondent, et al., Defendant. [827 NYS2d 36]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered June 5, 2006, which denied plaintiff's motion for summary judgment, unanimously reversed, on the law, with costs, and the motion granted, and it is declared that plaintiff has no duty to defend or indemnify in connection with the underlying personal injury action.

Plaintiff issued a liability insurance policy to defendant Mike's Pipe Yard and Building Supply, covering the insured's interests as property owner and plumbing supply distributer. The policy required that in the event of an "occurrence," the insured must provide notice "as soon as practicable."

Defendant Guzman, plaintiff in the underlying action, allegedly sustained injuries in June 2003 while performing construction work in the insured building. The insured was immediately informed of the incident, but failed to notify plaintiff insurer supposedly because Guzman did not appear to be seriously injured and he indicated he would not be filing a workers' compensation claim. Guzman did not return to work until two months later, claiming pain in his shoulder and biceps. Guzman was paid reduced wages during that period. Only after return-

ing to work did Guzman notify the insured that he would be filing a workers' compensation claim, at which point the insured orally informed its broker of the incident. The insured claims it never had any direct dealings with plaintiff, and assumed the broker was plaintiff's agent. Plaintiff, however, did not have a principal-agent relationship with the broker.

Guzman commenced the underlying personal injury action in July 2004. In August, 14 months after the occurrence, the insured sent the summons and complaint to its broker, which forwarded it to plaintiff. Thus, the first notification plaintiff received was on August 16, 2004. Plaintiff wrote to the insured on September 15, disclaiming coverage for failure to comply with the policy's requirement to give timely notification.

The insured failed to demonstrate a valid excuse for its delay in notifying plaintiff of the occurrence. "[N]otice to a broker cannot be treated as notice to the insurer since the broker is deemed to be the agent of the insured and not the carrier" (*Gershow Recycling Corp. v Transcontinental Ins. Co.*, 22 AD3d 460, 462 [2005]). Concur—Friedman, J.P., Sullivan, Nardelli, Catterson and McGuire, JJ.