■ Bovis Lend Lease LMB Inc. et al., Respondents, v Garito Contracting, Inc., et al., Appellants. [832 NYS2d 502]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered April 3, 2006, which granted plaintiffs' motion for summary judgment, denied defendant Garito's cross motion to dismiss the complaint, inter alia, and denied defendant Twin City's cross motion for summary judgment, unanimously affirmed, with costs.

Plaintiffs were entitled to the declaratory relief they sought. It is undisputed that there was a trade contract between defendant Twin City's insured (Garito) and plaintiff Bovis Lend Lease. Although the contract was lost, Bovis properly established, through extrinsic evidence, that it required Garito to procure insurance coverage on its behalf (*see Vasiliades v Lehrer McGovern & Bovis*, 3 AD3d 400, 402 [2004]; *McKenna v Lehrer McGovern Bovis*, 302 AD2d 329, 330-331 [2003]). Garito's testimony that he did not recall whether or not the contract was executed is insufficient to overcome this extrinsic evidence. The commercial general liability coverage policy at issue provided that an additional insured was any entity that entered into a written contract or agreement with the insured (Garito) to provide the insurance afforded by the policy. Having thus satisfactorily proven the existence of such a contract, plaintiffs were properly awarded summary judgment and a declaration that they are covered under the policy. Contrary to defendants' contentions, coverage is the only issue herein. The liability issues raised in the underlying personal injury action need not be determined for the purpose of determining coverage.

Defendant insurer did not submit any evidence that it timely disclaimed coverage on the basis of late notice. Its inability to demonstrate that it issued a written disclaimer of coverage citing the failure of Bovis to give prompt notice in accordance with the requirement of the policy precludes a finding that there was an effective disclaimer (*Matter of Firemen's Fund Ins. Co. of*

*Newark v Hopkins*, 88 NY2d 836 [1996]; *151 E. 26th St. Assoc. v QBE Ins. Co.*, 33 AD3d 452 [2006]). The record supports plaintiffs' assertion that a tender was effectuated through notice made by AIG claims services. Contrary to Twin City's position, our recent holdings in *AIU Ins. Co. v Investors Ins. Co.* (17 AD3d 259 [2005]) and *Tower Ins. Co. of N.Y. v Mike's Pipe Yard & Bldg. Supply Corp.* (35 AD3d 275 [2006]) do not require a different result. Both cases concerned notice to a broker as insufficient to prove notice to an insurance carrier. In this case, notice by AIG was provided directly to Twin City.

We have considered the additional arguments raised on this appeal and find them unavailing. Concur—Mazzarelli, J.P., Sullivan, Sweeny, Catterson and McGuire, JJ.