■ Bovis Lend Lease LMB Inc. et al., Respondents, v Garito Contracting, Inc., et al., Appellants. [885 NYS2d 59]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered March 31, 2008, which, insofar as appealed from, granted the motions of defendant insured Garito Contracting, Inc. (Garito) and defendant insurer Twin City Fire Insurance Co. (Twin City) to renew their prior motions for dismissal of the complaint and summary judgment, respectively, and, upon renewal, adhered to the prior order declaring that plaintiff general contractor Bovis Lend Lease LMB Inc. (Bovis) is an additional insured entitled to coverage, modified, on the law, to the extent of declaring that Bovis is not entitled to indemnification, and otherwise affirmed, with costs.

Bovis is an insured under the policy issued by Twin City to its insured, Garito, which was hired to perform demolition work. The plaintiff in the underlying personal injury action, John Armentano, sought to recover for injuries he sustained when he fell through an opening in the floor of the job site. The hole was created when a garbage chute was removed by Garito during its demolition work. Although Bovis and Garito had entered into a subcontract for the performance of the demolition work, neither party was able to locate a copy of the contract. Thus, the terms of the contract were at issue in the underlying personal injury

action. In particular, there was an issue regarding whether or not Garito was obligated under the contract to perform temporary protection work.

In this declaratory judgment action, Bovis moved for summary judgment, arguing that its contract with Garito entitled Bovis to coverage as an additional insured on the policy issued by Twin City to Garito. Garito cross-moved for dismissal of the complaint and Twin City cross-moved for summary judgment. The motion court granted Bovis' motion and denied the cross motions. This Court affirmed, finding that "[a]lthough the contract was lost, Bovis properly established, through extrinsic evidence, that it required Garito to procure insurance coverage on its behalf" (*Bovis Lend Lease LMB Inc. v Garito Contr., Inc.*, 38 AD3d 260, 260 [2007]) (*Bovis I*). Our decision finding that a contract existed requiring Garito to procure coverage for Bovis as an additional insured said nothing with regard to the additional terms of the contract, as those terms properly were an issue for the jury in the underlying action.

In the underlying action, the jury found that: (1) Bovis was negligent and that its negligence was a substantial factor in causing Armentano to fall through the hole, and (2) Garito also was negligent but that its negligence was not a substantial factor in causing Armentano to fall. The jury's determination included a finding that Bovis did not prove that Garito agreed to provide temporary protection at the work site. Thereafter, in this action, Twin City moved to renew its motion for summary judgment and Garito joined in the motion. The court granted renewal but adhered to its prior determination.

Upon renewal, the court should have granted the motions based on the jury's determination in the personal injury action. The insurance policy issued by Twin City provided coverage to Bovis "only with respect to liability arising out of: . . . '[Garito's] work' for [Bovis] . . . or . . . [a]cts or omissions of [Bovis] in connection with [its] general supervision of '[Garito's] work.' " As is apparent from the jury's verdict, Bovis' liability neither arose out of Garito's work nor out of Bovis' supervision of Garito's work.

This case is controlled by *Worth Constr. Co., Inc. v Admiral Ins. Co.* (10 NY3d 411 [2008]). In *Worth*, Murphy, the plaintiff in the underlying action, fell on stairs constructed by a subcontractor, Pacific, having slipped on fireproofing that had been applied to the stairs by another subcontractor. Supreme Court initially declared that the general contractor, Worth, was entitled to a defense and indemnification as an additional insured under the policy issued to Pacific, which provided cover-

age to Worth "only with respect to liability arising out of [Pacific's] operations" (10 NY3d at 415). Worth subsequently conceded, however, that the negligence claim it had asserted against Pacific in its third-party action was without merit and should be dismissed. Pacific's insurer then moved to renew its motion for summary judgment in the declaratory judgment action brought by Worth; Supreme Court granted the motion, holding that "Worth's concession that Pacific was not negligent established as a matter of law that Murphy's accident did not arise out of Pacific's operations and therefore [Pacific's insurer] was not required to defend or indemnify Worth under the terms of the policy" (10 NY3d at 415).

A divided panel of this Court reversed (40 AD3d 423 [2007]), but the Court of Appeals reversed and reinstated the order of Supreme Court awarding summary judgment to Pacific's insurer (10 NY3d at 415). As the Court held, "[o]nce Worth admitted that its claims of negligence against Pacific were without factual merit, it conceded that the staircase was merely the situs of the accident. Therefore, it could no longer be argued that there was any connection between Murphy's accident and the risk for which coverage was intended" (id. at 416). Notably, the policy defined the term "[y]our work" to include "[m]aterials, parts or equipment furnished in connection with [Pacific's] work or operations" (id.). The Court nonetheless held that "the fact that the stairs constituted '[m]aterials, parts or equipment furnished in connection with [Pacific's] work or operations' under the 'Your work' provision, [did not] entitle Worth to defense and indemnification where, as here, Worth conceded that the stairs themselves were not a proximate cause of Murphy's injury" (id.).

As Twin City argues, the jury's finding that Garito's negligence was not a substantial factor in causing Armentano to fall is as conclusive as the admission by Worth that Pacific's activities were not a proximate cause of the underlying accident. That finding, after all, established that Bovis' liability did not arise out of Garito's work for Bovis or out of acts or omissions of Bovis in connection with its general supervision of Garito's work. To the contrary, the jury found that Bovis' liability arose out of its own work (see also Harriman Estates Dev. Corp. v General Acc. Ins. Co., 309 AD2d 575 [2003]). Just as the staircase created by Pacific was "merely the situs" of the accident, so, too, the hole created by Garito was "merely the situs" of the accident. Thus, as Worth makes clear, "liability arising out of" a named insured's work is absent where, as here, the named insured is absolved of liability. Accordingly, to require

Twin City to indemnify Bovis is to confer a windfall on Bovis' insurer, plaintiff National Union Fire Insurance Co.

Our decision in *Bovis I* does not require a different result. We neither required Twin City to indemnify Bovis nor found that Bovis would be entitled to indemnification for its own negligence. As the broad duty to defend " 'arises whenever the allegations within the four corners of the underlying complaint potentially give rise to a covered claim' " (*Worth*, 10 NY3d at 415, quoting *Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]), we properly held that Twin City was obligated to provide Bovis with a defense. In the absence of a jury finding in the underlying action, any claim of an entitlement to indemnification would be premature. To the extent that our opinion may be interpreted as providing for defense and indemnification, we clarify that we required only coverage for a defense. The possibility of a jury finding that would obligate Garito to indemnify Bovis was sufficient to trigger Twin City's obligation to provide a defense (*BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 715 [2007]).

What justified our holding in *Bovis I*—the possibility of a jury finding that would obligate Garito to indemnify Bovis—cannot justify a holding that Garito is obligated to indemnify Bovis. To the contrary, the negation of that possibility by the jury's actual finding should be given effect on the issue of indemnity (*see Harriman Estates*, 309 AD2d at 575-576; *City of Niagara Falls v Merchants Ins. Group*, 34 AD3d 1263 [2006]).

The dissent loses sight of the well-settled principle that the duty to defend is broader than the duty to indemnify (*BP A.C.*, 8 NY3d at 714-715; *Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]; *Technicon Elecs. Corp. v American Home Assur. Co.*, 74 NY2d 66, 73 [1989]). As has long been recognized, "[t]he insured's right to representation and the insurer's correlative duty to defend suits . . . are in a sense 'litigation insurance' expressly provided by the insurance contract" no matter how baseless the allegations contained in the complaint may be (*Servidone Constr. Corp. v Security Ins. Co. of Hartford*, 64 NY2d 419, 423-424 [1985]). "A declaration that an insurer is without obligation to defend a pending action could be made 'only if it could be concluded as a matter of law that there is no possible factual or legal basis on which [the insurer] might eventually be held to be obligated to indemnify [the insured] under any provision of the insurance policy' " (*id.* at 424, quoting *Spoor-Lasher Co. v Aetna Cas. & Sur. Co.*, 39 NY2d 875, 876 [1976]). "The duty to indemnify is, however, distinctly different" because "the duty to pay is determined by the actual basis for the insured's

liability to a third person" and is not measured by the allegations of the pleadings (*Servidone*, 64 NY2d at 424).

The dissent would hold that Twin City is obligated to indemnify Bovis on the basis of nothing more than the facts that triggered Twin City's duty to defend. Thus, the dissent points to the "causal relationship" between Armentano's injuries, "sustained when he fell through a hole undisputedly created by Garito," and "the risks of demolition work for which coverage was intended." Putting aside a jury verdict completely exonerating Bovis, under the dissent's approach it is far from clear whether any jury verdict could have terminated the additional insured coverage obligations of Twin City to Bovis. If not, what triggers the duty to defend also triggers the duty to indemnify, even though the latter duty is distinct from the former. It may be, *however*, that the dissent would conclude that Twin City would not be obligated to indemnify Bovis if the jury had found that Armentano was not injured by falling through the hole created by Garito. But such a verdict and the actual verdict—that Bovis' own negligence, not the hole created by Garito, was the proximate cause of Armentano's injuries—are legal equivalents. As the "actual basis for the insured's [i.e., Bovis'] liability to a third person [i.e., Armentano]" (*Servidone*, 64 NY2d at 424) is Bovis' own negligence, Twin City has no duty to pay.

Because we find that Twin City is not obligated to indemnify Bovis, we need not reach defendants' additional arguments. Concur—McGuire, Moskowitz and Acosta, JJ.

Andrias, J.P., and DeGrasse, J., dissent in a memorandum by Andrias, J.P., as follows: This appeal involves the question of whether general contractor Bovis is still entitled to a declaration that it is an additional insured under a policy issued to its subcontractor Garito Contracting by Twin City Fire Insurance, after the jury in the underlying personal injury action has found that both Garito and Bovis were negligent, but that Garito's negligence was not a substantial factor in causing the plaintiff's accident. For the following reasons, I dissent and would affirm the declaration that Bovis is an additional insured under the Twin City policy issued to Garito and that such policy provides Bovis with primary coverage for the underlying claim.

As part of a project to add a J.C. Penney Store to the Broadway Mall in Hicksville, New York, Garito was hired by Bovis to perform demolition work and, pursuant to its subcontract with Bovis, obtained a primary commercial general liability insurance policy, which named Bovis as an additional insured and afforded coverage to Bovis "with respect to liability arising out

of" Garito's work for Bovis. Garito's demolition work included the removal of a garbage chute enclosure down to the concrete floor slab. As a result, there was a hole left in the concrete slab. At some subsequent time, John Armentano, a union carpenter working for another subcontractor, lifted a four-by-eight-foot sheet of plywood that was covering the hole and, not seeing the hole, fell through the hole onto a concrete floor 18 feet below. He and his wife brought a personal injury action in Nassau County against the mall's owner, its manager, Bovis and J.C. Penney in which Garito was named as a third-party defendant. On a prior appeal in this declaratory judgment action, we held that Bovis was entitled to coverage under Garito's policy and that the liability issues raised in the underlying personal injury action need not be determined for the purpose of determining coverage (38 AD3d 260 [2007]).

The personal injury action was subsequently tried and there was a dispute as to whether Garito, Bovis, or another subcontractor hired by Bovis was responsible for temporarily covering the hole in the slab. The jury found that both Garito and Bovis were negligent, but that Garito's negligence was not a substantial factor in causing the accident. The jury also found that Bovis failed to prove that Garito agreed to provide the temporary protection of the work site that caused the accident.

Garito and Twin City, relying upon *Worth Constr. Co., Inc. v Admiral Ins. Co.* (10 NY3d 411 [2008]), then moved in this action to renew the coverage issue on the ground that the jury's verdict absolving Garito from liability should result in a declaration that Twin City has no obligation to indemnify Bovis in the underlying action. The motion court ruled in favor of Bovis and this appeal followed.

In *Worth*, the general contractor of an apartment complex under construction contracted with Pacific Steel, Inc. for the construction of the staircase and handrailings. Pacific provided commercial general liability insurance naming Worth as an additional insured and providing coverage arising out of Pacific's work. After Pacific installed the staircase, which consisted of two "stringers" (sides) welded to a steel pan, the project was turned over to Worth, who hired a concrete subcontractor to fill the pans. Once the concrete had been poured and walls were erected around the stairs, Pacific was to return to complete its portion of the project by affixing the handrailings to the walls. Pacific was not on the job, had completed construction of the stairs and was awaiting word from Worth before returning to affix the handrails at the time an ironworker sustained injuries when he slipped on some fireproofing material on the staircase.

Worth sought defense and indemnification from Pacific's insurer, contending that the simple fact that the ironworker slipped on the staircase established as a matter of law that his accident arose out of Pacific's work because the staircase was part of the "materials" that Pacific was utilizing to fulfill its subcontract. The Court of Appeals disagreed and found that the focus of the additional insured clause "is not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained" (10 NY3d at 416 [internal quotation marks and citation omitted]). The only basis in the complaint for asserting any significant connection between Pacific's work and the accident was the allegation that the stairway was negligently constructed. Once Worth admitted that its claims of negligence against Pacific were without factual merit, it conceded that the accident was not caused by the stairs but merely happened there. Therefore, the Court found, "it could no longer be argued that there was any connection between [the] accident and the risk for which coverage was intended" (*id.*).

Here on the other hand, Twin City's argument and the majority's conclusion, that the jury's finding that Garito's negligence was not a substantial factor in causing Armentano to fall is as conclusive as Worth's admission that Pacific's work was not the cause of the underlying accident in that case, is unconvincing. Moreover, *Harriman Estates Dev. Corp. v General Acc. Ins. Co.* (309 AD2d 575 [2003]), cited by the majority, is clearly distinguishable on its facts. Unlike *Worth*, where it was conceded that Pacific was *not negligent*, the jury here found Garito *negligent*. Armentano's accident and Bovis's liability clearly "arose out of" or "in connection" with Garito's work withing the meaning of *Worth* since, in concluding that Garito was negligent, the jury necessarily found that its work was somehow involved in the accident. Under the circumstances presented in this case, the hole was more than the mere situs of the accident and it cannot be said that there was no connection between the accident and the risk for which coverage was intended. The causal relationship between the underlying plaintiff's injuries, sustained when he fell through a hole undisputedly created by Garito in performing its demolition work, and the risks of demolition work for which coverage was intended, is clear (*see Worth* at 415, 416 ["(g)enerally, the absence of negligence, by itself, is insufficient to establish that an accident did not 'arise out of' an insured's operations"]; *cf. Pepe v Center for Jewish History, Inc.*, 59 AD3d 277 [2009]). The motion court also properly adhered to its determination on the priority of coverage issues since no new facts or issues of law

were raised by Twin City on its motion to renew. [*See* 2008 NY Slip Op 30902(U).]