WDF Inc. v Harleysville Ins. Co. of N.Y. (2021 NY Slip Op 02621)





WDF Inc. v Harleysville Ins. Co. of N.Y.


2021 NY Slip Op 02621


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Kapnick, J.P., Moulton, Scarpulla, Mendez, JJ. 


Index No. 653108/17 Appeal No. 13714 Case No. 2020-02195 

[*1]WDF Inc., Plaintiff-Appellant,
v
Harleysville Insurance Company of New York, Defendant-Respondent.


Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Sofya Uvaydov of counsel), for appellant.
Vigorito, Barker, Patterson, Nichols and Porter, LLP, Valhalla (Adonaid C. Medina of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered October 4, 2019, which, to the extent appeal from as limited by the briefs, denied the motion of plaintiff WDF Inc. (WDF) for summary judgment, and upon a search of the record, dismissed the complaint, unanimously reversed, on the law, with costs, plaintiff's motion granted, and it is declared that defendant Harleysville Insurance Company of New York (Harleysville) has a duty to defend and indemnify WDF in the underlying personal injury action as an additional insured, and that the Harleysville policy is primary to WDF's separate policy.
The dismissal of WDF's indemnification claims against Harleysville's named insured, Vamco Sheet Metal Inc., in the underlying personal injury action did not necessarily determine whether the Harleysville policy covered WDF as an additional insured. Vamco's contractual indemnification obligation was separate and distinct from Harleysville's duty to defend and indemnify under the additional insured endorsement of its policy (see Lexington Ins. Co. v Kiska Dev. Group LLC, 182 AD3d 462, 463 [1st Dept 2020]; Singh v New York City Tr. Auth., 17 AD3d 262, 263 [1st Dept 2005]).
Harleysville had a duty to defend WDF even though the underlying personal injury complaint contained no allegations that Vamco was negligent, because Harleysville had actual knowledge of facts establishing a reasonable possibility of coverage (see City of New York v Wausau Underwriters Ins. Co., 145 AD3d 614, 618 [1st Dept 2016]).
Where, as here, there has been no determination of negligence in the underlying action, and therefore no adjudication whether the loss falls within the policy, the motion court was required to resolve the issue through further proceedings in this declaratory action (see Servidone Constr. Corp. v Security Ins. Co. of Hartford, 64 NY2d 419, 425 [1985]). Here, WDF submitted evidence that demonstrates that the acts or omissions of Vamco, which directed and controlled the underlying injured plaintiff's work, were a proximate cause of the plaintiff's injuries (see Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 321-322 [2017]).
Furthermore, the policy issued to Vamco by Harleysville, and including WDF as an additional insured, was primary to WDF's other insurance (see QBE Ins. Corp. v Public Serv. Mut. Ins. Co., 102 AD3d 442, 443 [1st Dept 2013]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021