**Structure Tone, Inc. v Merchants Preferred Ins. Co.**

2024 NY Slip Op 31164(U)

April 5, 2024

Supreme Court, New York County

Docket Number: Index No. 652906/2020

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**      PART     **33M**

*Justice*

-------------------------------------------------------------------X

STRUCTURE TONE, INC.,

           Plaintiff,

- v -

MERCHANTS PREFERRED INSURANCE CO.,
NAVIGATORS INSURANCE CO., OLD REPUBLIC
INSURANCE COMPANY, CATLIN SPECIALTY
INSURANCE COMPANY, SCOTTSDALE INSURANCE
COMPANY, TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, GREENWICH INSURANCE
COMPANY

           Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652906/2020 |
| MOTION DATE | 12/02/2023 |
| MOTION SEQ. NO. | 1 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92

were read on this motion to/for     SUMMARY JUDGMENT (AFTER JOINDER) .

Upon the foregoing documents, and after oral argument, which took place on October 3, 2023, with Thomas Dillon, Esq. appearing for Plaintiff Structure Tone, Inc. ("Plaintiff"), I. Paul Howansky, Esq. appearing for Defendant Merchants Preferred Insurance Co. ("Merchants"), Kate Maguire Tedrick, Esq. appearing for Defendant Old Republic Insurance Company ("Old Republic"), and Ann Odelson, Esq. appearing for Defendant Scottsdale Insurance Company, Inc. ("Scottsdale"), Defendant Old Republic's motion for summary judgment dismissing all claims and cross-claims against it is denied.

Defendant Scottsdale's cross-motion for summary judgment in favor of Scottsdale and against Old Republic, dismissing Old Republic's cross-claims against it, is granted.

## I.    Background

In this declaratory judgment and breach of contract action, Plaintiff, as general contractor for a project (the "Project") located at 250 West 55th Street, New York, New York (the "Premises"), seeks a declaration of insurance coverage under multiple insurance policies in connection with an underlying personal injury action entitled *Scott Cackett v Gladden Properties, LLC.*, Supreme Court, New York County, bearing Index Number 157267/2014 (the "Underlying Action") (NYSCEF Doc. 40).

The owner of the Premises is Gladden Properties, LLC ("Gladden"); the managing agent is Boston Properties, LLC ("Boston Properties") and the tenant is Kaye Scholer, LLP. ("Scholer") (collectively with Plaintiff, the "Project Defendants") (NYSCEF Doc. 59 at ¶ 7). Scholer hired Plaintiff to build out their leased space (*Id.* at ¶ 7). Plaintiff hired Interstate Drywall, Corp. ("Interstate") to install wall panels, door frames and doors and Port Morris Tile & Marble Corp. ("Port Morris") to perform tiling work (*Id.* at ¶ 7).

On June 18, 2014, Scott Cackett ("Cackett"), an employee of Port Morris and the plaintiff in the Underlying Action, was injured in the course of his employment at the Project when he was struck by a falling door (NYSCEF Doc. 40 at ¶ 7). By Agreement dated February 19, 2020, the Underlying Action was settled between Cackett and Gladden, Boston Properties, Plaintiff, Kaye Scholer, and Interstate and the claims against Interstate were discontinued with prejudice (NYSCEF Doc. 68).

In this motion sequence 1, Old Republic moves for summary judgment claiming that the general liability insurance policy issued by Old Republic to Port Morris does not afford additional insured coverage to Plaintiff and that all claims asserted for coverage under the Old Republic policy

652906/2020   STRUCTURE TONE, INC. vs. MERCHANTS PREFERRED INSURANCE CO. ET AL          Page 2 of 9
Motion No. 001

2 of 9

[* 2]

should be dismissed. Defendant Scottsdale cross-moves for summary judgment seeking dismissal of Old Republic's cross-claims for contribution asserted against it (NYSCEF Doc. 78).

Previously, a third-party action by Gladden, Boston Properties and Plaintiff was brought against Port Morris in the Underlying Action for contractual indemnification and common law negligence and the parties moved for summary judgment. In a decision of Justice Carol R. Edmead entered January 8, 2019, the Court granted Port Morris' motion for summary judgment finding that the employee's accident did not arise out of Port Morris' work, and dismissed the Project Defendants' claims for contractual indemnification against Port Morris (NYSCEF Doc. 47).

Upon appeal, the Appellate Division, First Department unanimously modified, on the law the lower court's decision and reinstated Project Defendants' contractual indemnification claim against Port Morris (NYSCEF Doc. 48).

Subsequently, on July 6, 2020, Plaintiff served the summons and complaint in this action, seeking both defense and indemnity in the underlying action under multiple policies of insurance, including the policy issued to Port Morris by Old Republic.

## II.  Discussion

### A.  Standard

CPLR §3212 provides that a motion for summary judgment shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court, as a matter of law, to direct judgment in favor of any party (CPLR §3212[b]). The proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Failure to make a *prima facie* showing requires a

652906/2020  STRUCTURE TONE, INC. vs. MERCHANTS PREFERRED INSURANCE CO. ET AL          Page 3 of 9
Motion No. 001

[* 3]                                                    3 of 9

denial of the motion, regardless of the sufficiency of the opposing papers (*Id.*) The moving party's "burden is a heavy one" and the "facts must be viewed in the light most favorable to the non-moving party" (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the opposing party to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez* at 324; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue of fact (*Rotuba Extruders, Inc. v Ceppos*, 46 NY2d 223, 231 [1978]).

### B. Old Republic's Motion for Summary Judgment is Denied

In Plaintiff's insurance/indemnity agreement with Port Morris, Port Morris agreed to indemnify and hold harmless Plaintiff from all claims arising in whole or in part from the acts or omissions, breach or default of Port Morris or its employees in connection with the performance of any work by or for Port Morris (NYSCEF Doc. 70).

In support of its motion, Defendant Old Republic asserts that in order for Plaintiff to be entitled to coverage as an additional insured under the commercial general liability policy issued by Old Republic to Port Morris, the injury must have been caused, in whole or in part, by the acts or omissions of the named insured (here, Port Morris) citing *Burlington Ins. Co. v NYC Tr. Auth.*, (29 NY3d 313 [2017]).

Old Republic further asserts that its policy does not provide coverage for an additional insured for injuries that merely "arise" out of Port Morris' acts or omissions (NYSCEF Doc. 40 at ¶ 19).

[* 4]

Old Republic's reliance on *Burlington* is misplaced. *Burlington* concerned an additional-insured endorsement that, like Old Republic's policy here, provided coverage for accidents "*caused, in whole or in part*, by the acts or omissions of the named insured" (*Id.* at 317) (emphasis added). There, the Court of Appeals held that "caused, in whole or in part," as used in the endorsement, requires the insured to be the proximate cause of the injury giving rise to liability (*Burlington*, at 324). The *Burlington* Court distinguished the "caused by" language of the additional insured endorsement from the "arising out of" language of the indemnity provision here.

Old Republic argues that since the negligence causes of action asserted against Port Morris were dismissed in the Underlying Action, and the First Department found that there was no evidence that Port Morris was negligent, Old Republic is entitled to dismissal of this action seeking defense and indemnification (*Cackett v Gladden Properties, LLC*, 183 AD3d 419, 422 [1st Dept 2020]). Old Republic argues further that where an underlying action has determined that the named insured/employer was not negligent, there can be no finding of additional insured coverage for other parties under the policy, citing *Live Nation Live Nation Mktg., Inc. v Greenwich Ins. Co.*, 188 AD3d 422 [1st Dept 2020]).

Both Merchants[1] and Plaintiff oppose Old Republic's motion contending that neither the lower court decision nor the Appellate Division decision, which reversed the lower court and reinstated Port Morris as a party to the underlying action, are dispositive. Merchants asserts that

---

[1] Old Republic argues that Merchants has no standing to oppose Old Republic's motion for summary judgment because Merchants did not cross-claim against Old Republic in its answer to the complaint, relying on *Augustine v Halcyon Constr. Corp.*, 71 Misc. 3d 715 (Bronx Cty. 2021). In *Augustine*, unlike here, neither the movant's co-defendant nor the plaintiff opposed the motion, and the co-defendant's arguments were considered "nothing more than speculation and conjecture."

652906/2020   STRUCTURE TONE, INC. vs. MERCHANTS PREFERRED INSURANCE CO. ET AL          Page 5 of 9
Motion No. 001

5 of 9

the lower court did not consider proximate causation or negligence in resolving the common law indemnification/contribution claims against Port Morris (NYSCEF Doc. 58 at ¶ 2).

Merchants further asserts that Old Republic cannot rely on the Appellate Division's finding that there was "no evidence that any negligence on Port Morris' part contributed to plaintiff's accident" because negligence was not a factor in determining the contractual indemnification claim against Port Morris (*Cackett* at 422). The facts were different in *Live Nation*, upon which Old Republic relies, where there was an actual, express determination in the underlying action that neither the named insured nor those acting on its behalf, caused, in whole or in part, plaintiff's bodily injuries.

As Merchants and Plaintiff argue, it is well settled that the language of the indemnity clause at issue does not require a finding of negligence in order to be triggered. Rather, the indemnity clause obligates Port Morris to indemnify the additional insured for claims "arising in whole or in part... from the acts, omissions, breach or default of [Port Morris] . . . in connection with the performance of any work by or for [Port Morris]" (*Cackett* at 421-22) (NYSCEF Doc. 70).

Further, a "contractual indemnification clause may shift liability from an owner or contractor to an employer even where the employer was not negligent," although the extent of the indemnification will depend on the extent to which the Project Defendants' negligence is found to have proximately caused the accident" (*Cackett.* at 422). Clearly, the named insured's indemnification obligations are both broader and separate and distinct from the insurer's duty to defend and to indemnify an additional insured (*WDF Inc. v Harleysville Ins. Co. of NY*, 193 AD3d 667 [1st Dept 2021]).

Both Merchants and Plaintiff argue that there are issues of fact as to whether the injury was caused, in whole or in part, by acts or omissions of Port Morris or those acting on Port Morris'

652906/2020  STRUCTURE TONE, INC. vs. MERCHANTS PREFERRED INSURANCE CO. ET AL        Page 6 of 9
Motion No. 001

6 of 9

behalf. Among these issues are that Port Morris had overall responsibility for the safety of its employees, and both Cackett and Port Morris had prior notice of unsatisfactory working conditions and of the dark condition of the room that Cackett entered in performing his work. Accordingly, the opposition contends, Cackett's comparative negligence is a question of fact that can only be decided by a jury at trial.

The Court agrees that Merchants and Plaintiff have raised sufficient material questions of fact whether the negligence of Port Morris or its employees contributed in whole or in part to the employee's injury which mandate denial of Old Republic's motion for summary judgment (*Tamhane v Citibank, N.A.*, 61 AD3d 571, 572 [1st Dept 2009]).

### C. Scottsdale's Cross-Motion Seeking Dismissal of Old Republic's Cross-Claims is Granted

Scottsdale cross-moves to dismiss Old Republic's cross-claims which alleged "in the event [it was] held liable to provide coverage for [Plaintiff] in respect of the claims asserted in the Underlying Action, [it was] entitled to": (1) "a declaration as to the application of all other relevant insurer's available coverage and pursuant to the coinsurance or 'Other Insurance' clauses contained in the respective insurance policies of other insurers[;]" and (2) "an allocation of all costs of defense and indemnity in accordance with such 'Other Insurance' clauses."

Scottsdale asserts that since the commencement of the instant action, Plaintiff has discontinued with prejudice its claims against Interstate in the Underlying Action and, on January 5, 2023, voluntarily discontinued its claims against Scottsdale in the present action (NYSCEF Docs. 37, 79, 87, 91), and therefore, the only remaining claims against it are Old Republic's cross-claims for contribution (NYSCEF Doc. 91).

According to Scottsdale, Old Republic issued a primary general liability policy to Port Morris and Scottsdale issued a commercial excess liability policy to Interstate, which was excess

652906/2020  STRUCTURE TONE, INC. vs. MERCHANTS PREFERRED INSURANCE CO. ET AL        Page 7 of 9
Motion No. 001

[* 7]

7 of 9

to the primary policy issued to Interstate by Catlin (NYSCEF Doc. 91). Scottsdale argues that, in light of the discontinued action against it, Plaintiff is neither asserting that it is an additional insured under the Scottsdale excess policy nor that Scottsdale is required to defend and to indemnify Plaintiff in the Underlying Action upon exhaustion of the Catlin primary policy issued to Interstate (NYSCEF Doc. 91 at 11). Scottsdale further asserts that Plaintiff has discontinued its claims against Scottsdale's insured (Interstate) and therefore, Old Republic's cross-claims for contribution against Scottsdale are rendered moot (NYSCEF Doc. 91 at 11).

The Court of Appeals has held that where multiple policies cover the same risk, insurers may cover the risk at different levels and limit their contribution obligation by virtue of their "other insurance clause" (*State Farm Fire and Cas. Co. v LiMauro*, 65 NY2d 369, 378 [1985]). Moreover, where several policies cover the same risk and each provides the same level of coverage, it is necessary to compare their "other insurance" clauses to determine priority of coverage (*Sport Rock Intl., Inc. v American Cas. Co. of Reading, Pa.*, 65 AD3d 12, 18 [1st Dept 2009]. Scottsdale argues that insofar as Old Republic issued a primary general liability policy to Port Morris and Scottsdale issued a commercial excess policy to Interstate, they insure different contractors for different risks (NYSCEF Doc. 91 at 12).

The Scottsdale excess policy contains the following "Other Insurance" clause: "This insurance is excess over, and shall not contribute with any of the other insurance, whether primary, excess, contingent or on any other basis" (NYSCEF Doc. 91). Thus, by its own terms, the Scottsdale excess policy "negated any intention to contribute with other policies" (*State Farm Fire and Cas. Co. at 377*).

652906/2020   STRUCTURE TONE, INC. vs. MERCHANTS PREFERRED INSURANCE CO. ET AL          Page 8 of 9
Motion No. 001

8 of 9

[* 8]

The Court finds that Scottsdale has made a *prima facie* showing that Plaintiff discontinued its claims against both Scottsdale and Scottsdale's insured (Interstate), and that therefore, Old Republic's cross-claims for contribution against Scottsdale are rendered moot.

Accordingly, it is hereby,

**ORDERED** that Defendant Old Republic Insurance Company's motion for an order for summary judgment and dismissing all claims and cross-claims against it, is denied; and it is further

**ORDERED** Defendant Scottsdale Insurance Company. Inc.'s cross-motion for summary judgment seeking dismissal of Old Republic Insurance Company's cross-claims against it, is granted; and it is further

**ORDERED** that within ten days of entry, counsel for Defendant Old Republic Insurance Company shall serve a copy of this Decision and Order with notice of entry on all parties to this action; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the court.

| 4/5/2024 | | | | _Mary V Rosado JSC_ | |
|----------|--|--|--|--------------------------|--|
| DATE | | | | HON. MARY V. ROSADO, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|------------|-----------------|--|--------------------------|--|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |