Harleysville Ins. Co. v United Fire Protection, Inc. (2024 NY Slip Op 02663)

Harleysville Ins. Co. v United Fire Protection, Inc.

2024 NY Slip Op 02663

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Singh, J.P., Moulton, Mendez, Rosado, Michael, JJ. 

Index No. 652621/17 Appeal No. 2289 Case No. 2023-03566 

[*1]Harleysville Insurance Company et al., Respondents,
v
United Fire Protection, Inc., Defendant, Everest Indemnity Insurance Company, Defendant-Appellant.

Kennedys CMK LLP, New York (Thomas C. Kaufman of counsel), for appellant.
Barker Patterson Nichols, LLP, Garden City (Adonaid C. Medina of counsel), for respondents.

Order, Supreme Court, New York County (Gerald Lebovitz, J.), entered March 14, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment declaring that defendant Everest Indemnity Insurance Company was obligated to indemnify plaintiff Commercial Construction Management, Inc. (CCM) in the underlying action, unanimously reversed, on the law, with costs, and the motion denied.
Supreme Court should not have found that Everest was required to indemnify CCM. Although Everest concedes that it must defend CCM, "the duty to defend is broader than the duty to indemnify," because only the latter "is determined by the actual basis for the insured's liability to a third person and is not measured by the allegations of the pleadings" (Bovis Lend Lease LMB Inc. v Garito Contr., Inc., 65 AD3d 872, 875-876 [1st Dept 2009] [internal quotation marks omitted], appeal dismissed, 13 NY3d 878 [2009], appeal withdrawn, 14 NY3d 884 [2010]). In the underlying action, there has been no determination whether the plaintiff's injury was "caused, in whole or in part, by" the acts or omissions of the named insured or of those acting on its behalf (see Hanover Ins. Co. v Philadelphia Indem. Ins. Co., 159 AD3d 587, 588 [1st Dept 2018]; see generally Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313,321-325 [2017]). Therefore, any declaration of the duty to indemnify was premature (see Lexington Ins. Co. v Kiska Dev. Group LLC, 182 AD3d 462, 464 [1st Dept 2020]; Vargas v City of New York, 158 AD3d 523, 525 [1st Dept 2018]; see also Axis Surplus Ins. Co. v GTJ Co., Inc., 139 AD3d 604, 605 [1st Dept 2016] ["It is after the resolution of that action where the extent of plaintiff's indemnification obligations can be fully determined"]).
Plaintiffs argue that "[w]here . . . there has been no determination of negligence in the underlying action . . . the motion court was required to resolve the issue" (WDF Inc. v Harleysville Ins. Co. of N.Y., 193 AD3d 667, 667-668 [1st Dept 2021]). This exception applies only when the underlying action has already been terminated (see id. at 668, citing Servidone Constr. Corp. v Security Ins. Co. of Hartford, 64 NY2d 419, 425 [1985] [addressing voluntary settlement of underlying action]), as was the case in WDF (see WDF Inc. v Harleysville Ins. Co. of New York, 2019 NY Slip Op 32931[U], *1 [Sup Ct, NY County 2019], revd 193 AD3d 667).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024