**Certain Underwriters at Lloyd's, London v Southwest Mar. & Gen. Ins. Co.**

2025 NY Slip Op 30731(U)

March 4, 2025

Supreme Court, New York County

Docket Number: Index No. 651449/2024

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARLENE P. BLUTH**     PART     **14**

*Justice*

-------------------------------------------------------------------------------X

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON

                 Plaintiff,

          - v -

SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY,

                 Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651449/2024 |
| MOTION DATE | 02/28/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50

were read on this motion to/for            JUDGMENT - SUMMARY          .

Plaintiff's motion for partial summary judgment is granted and defendant's cross-motion for summary judgment is denied.

**Background**

This declaratory judgment action between insurers relates to an underlying consolidated Labor Law action pending in Queens County. That case involves allegations raised by two individuals, Mr. Cevallos and Mr. Tapia (the "underlying plaintiffs"), who claim they were injured at a construction project. Plaintiff contends that non-party Arsenal Scaffold Inc. ("Arsenal") was hired to build a sidewalk shed at the property and that Arsenal then subcontracted all of the work for this task to JGR Services, Inc. ("JGR"). It contends that Arsenal employees did not do any of the work at the job site.

Plaintiff observes that it issued a general liability policy to Arsenal with a $1 million per occurrence limit and excess coverage with a $5 million limit. It emphasizes that this policy (the

**651449/2024   CERTAIN UNDERWRITERS AT LLOYD'S, LONDON vs. SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY**
**Motion No.  001**

Page 1 of 7

1 of 7

[* 1]

"Arsenal policy") stated that it was excess to any coverage available to Arsenal as an additional insured. Plaintiff contends that Arsenal and JGR entered into a contract for the work at the job site that required JGR to obtain insurance that named Arsenal as an additional insured. It alleges that JGR obtained such a policy from defendant.

In this motion, plaintiff seeks partial summary judgment on its claim that defendant should provide a defense to Arsenal in connection with the pending Queens County Labor Law action. Plaintiff argues that Arsenal is entitled to such a defense as an additional insured under the policy defendant issued to JGR. It emphasizes that the allegations in the underlying action suggest that JGR caused the accident. Plaintiff observes that it is premature for the Court to address whether or not defendant is obligated to indemnify Arsenal but that the duty to defend is triggered pursuant to the pleadings filed in the Queens case.

Defendant cross-moves to stay this action pending completion of discovery in the underlying action and "ordering the withdrawal of plaintiff's [motion]". It insists that plaintiff's motion is premature. Defendant argues that the additional insured endorsement denies coverage where the injury claim is unrelated to the acts or omissions of the named insured (here, JGR). It maintains that the work at issue in the underlying Labor Law action was performed by another contractor and not JGR.

Defendant contends that Arsenal does not qualify as an additional insured because there is no contract that justifies providing such coverage. It maintains that the underlying injury must arise from the named insured's acts and here it is clear that JGR did not cause the accident. Defendant acknowledges that while JGR may have performed some work for Arsenal, there is no nexus between that work and the alleged incident. It emphasizes that the injured plaintiffs did not sue JGR despite the fact that neither worked for JGR.

**651449/2024   CERTAIN UNDERWRITERS AT LLOYD'S, LONDON vs. SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY**
**Motion No.  001**

**Page 2 of 7**

2 of 7

In reply, plaintiff observes that this Court must look to the pleadings concerning the duty to defend and that defendant's references to extrinsic evidence, such as discovery produced in the Queens action, is not a basis to deny the instant motion. Plaintiff contends that it is not clear that JGR had nothing to do with the underlying plaintiffs' accident and so there is a duty to defend. It points out that contrary to defendant's contention in opposition, there is, in fact, a contract between Arsenal and JGR.

Plaintiff also takes issue with defendant's claim that Arsenal and JGR were not in privity of contract and emphasizes, again, that there is a signed contract between Arsenal and JGR. It emphasizes that the additional insured endorsement at issue here does not contain any privity language. Plaintiff emphasizes that JGR performed all of Arsenal's work at the project and the underlying plaintiffs sued Arsenal.

**Discussion**

"It is well settled that an insurance company's duty to defend is broader than its duty to indemnify. Indeed, the duty to defend is exceedingly broad and an insurer will be called upon to provide a defense whenever the allegations of the complaint suggest [  ] a reasonable possibility of coverage. If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be.

"The duty remains even though facts outside the four corners of the pleadings indicate that the claim may be meritless or not covered. For this reason, when a policy represents that it will provide the insured with a defense, we have said that it actually constitutes litigation insurance" in addition to liability coverage. Thus, an insurer may be required to defend under the contract even though it may not be required to pay once the litigation has run its course" (*Auto.*

**651449/2024  CERTAIN UNDERWRITERS AT LLOYD'S, LONDON vs. SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY**
**Motion No.  001**

**Page 3 of 7**

3 of 7

*Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137, 818 NYS2d 176 [2006] [internal quotations and citations omitted]).

The Court's analysis begins with the contract between Arsenal and JGR (NYSCEF Doc. No. 35). This agreement states, in pertinent part, that it "IS APPLICABLE TO ANY AND ALL WORK AND OPERATIONS PERFORMED BY THE SUBCONTRACTOR FOR THE CONTRACTOR OR CONTRACTOR'S AGENTS OR AFFILIATES, IN ANY CAPACITY FOR THE TIME PERIOD SPECIFIED BELOW, REGARDLESS AS TO WHETHER A SEPARATE PROPOSAL OR WORK ORDER EXISTS. NO SEPARATE DOCUMENT(S) OR AGREEMENT(S) ARE NEEDED BETWEEN THE PARTIES TO MAKE THIS AGREEMENT ENFORCEABLE" (*id*. at 1 [all caps in original]). This agreement specifically required JGR to acquire insurance that named Arsenal as an additional insured (*id*. at 1-3).

JGR then obtained an insurance policy from defendant that included an additional insured endorsement providing coverage for "All entities required by written contract to be included as additional insureds but only with respect to operations performed by the Named Insured or on their behalf." (NYSCEF Doc. No. 16 at 74 of 109). In this Court's view, that clearly applies to Arsenal who entered into the above-cited contract with JGR requiring it to be named as an additional insured.

Next, the Court must consider whether or not the allegations raised in the underlying action create a duty by defendant to defend Arsenal as an additional insured. In the Queens action, Arsenal commenced a third-party action (NYSCEF Doc. No. 26) against JGR that seeks indemnification for any damages the underlying plaintiffs might recover against Arsenal. Certainly, defendant's assertion that this third-party complaint is "self-serving" is well taken, but defendant did not cite any caselaw for the proposition that a third-party complaint can be ignored

**651449/2024   CERTAIN UNDERWRITERS AT LLOYD'S, LONDON vs. SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY**
**Motion No.  001**

**Page 4 of 7**

[* 4]

4 of 7

for purposes of the duty to defend under these circumstances. In fact, cases have held that a third-party complaint can trigger a duty to defend (*see Live Nation Mktg., Inc. v Greenwich Ins. Co.*, 188 AD3d 422, 423, 135 NYS3d 87 [1st Dept 2020]).

Plus, that third-party complaint was filed in June 2023 and JGR did not move to dismiss; instead, it simply answered that complaint. Put another way, JGR had an opportunity to seek a dispositive ruling that JGR had nothing to do with the underlying plaintiffs' injuries and it instead chose to litigate that issue. Therefore, in this Court's assessment, there is a live issue as to whether JGR may be wholly or partially responsible for the underlying plaintiffs' injuries which means that defendant has a duty to defend Arsenal.

Defendant contends that the evidence produced in the Queens Labor Law action are not sufficient to defeat plaintiff's motion. This Court's role is not to perform its own evaluation of the evidence and make factual determinations about liability for the underlying plaintiffs' injuries. Of course, the Court observes that plaintiff submitted an affirmation from the president of Arsenal, who claimed that JGR did all of Arsenal's work at the site (NYSCEF Doc. No. 33, ¶ 8). This highlights the fact that there is a disputed issue concerning JGR's involvement at the site. The fact that the underlying plaintiffs did not directly sue JGR is not dispositive with respect to the issue of whether defendant has a duty to defend Arsenal (*WDF Inc. v Harleysville Ins. Co. of New York*, 193 AD3d 667 [1st Dept 2021] [observing that a duty to defend may arise even where the underlying personal injury complaint did not contain specific allegations against the party seeking coverage]).

**Summary**

As noted above, the duty to defend is triggered merely by the "reasonable possibility" that the underlying plaintiffs' injuries were caused, in whole or in part, by JGR's acts or

**651449/2024  CERTAIN UNDERWRITERS AT LLOYD'S, LONDON vs. SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY**
**Motion No.  001**

**Page 5 of 7**

5 of 7

omissions. Here, the underlying plaintiffs contend that they were injured at a jobsite and sued multiple defendants, including Arsenal. The plaintiff here contends that JGR did all of Arsenal's work at this job site, it submitted a contract between JGR and Arsenal requiring JGR to obtain insurance naming Arsenal as an additional insured, an insurance policy obtained by JGR that provides additional insured coverage for Arsenal and a third-party complaint in which Arsenal alleges that JGR caused the underlying plaintiffs' injuries. That plainly triggers the broad duty to defend. The fact is that defendant's opposition asks this Court to make inferences and conclusions about the pending Queens County Labor Law action. Unfortunately, this is not an appropriate analysis with respect to the duty to defend. The Court cannot conclude as a matter of law that JGR had nothing to do with the underlying plaintiffs' accident on this record.

Plaintiff's motion is therefore granted. Defendant's cross-motion is also denied in its entirety. In this Court's view, there is no reason for a stay of this case. A review of the docket in the underlying case reveals that the note of issue is due to be filed by March 21, 2025. Imposing a stay in the instant action would needlessly delay the resolution of this matter.

Accordingly, it is hereby

ORDERED that plaintiff's motion for partial summary judgment is granted and defendant's cross-motion is denied in its entirety; and it is further

DECLARED that defendant must defend Arsenal Scaffold, Inc. in connection with the underlying action now pending in Queens County on a primary and noncontributory basis; and it is further

DECLARED that defendant must reimburse all costs incurred defending Arsenal in that underlying Queens County case with statutory interest.

**651449/2024   CERTAIN UNDERWRITERS AT LLOYD'S, LONDON vs. SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY**
**Motion No.  001**

**Page 6 of 7**

6 of 7

[* 6]

See NYSCEF Doc. No. 39 regarding the next conference in this case.

| **3/4/2025** | | | | |
| :---: | | | | |
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | [X] NON-FINAL DISPOSITION | |
| :--- | :---: | :--- | :---: | :--- | :---: |
| | | GRANTED | DENIED | GRANTED IN PART | [X] OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**651449/2024   CERTAIN UNDERWRITERS AT LLOYD'S, LONDON vs. SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY**
**Motion No.  001**

Page 7 of 7

7 of 7

[* 7]